UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAUL HANSMEIER,
　Plaintiff,

v.

JEFFREY FIKES; OFFICER DAWSON; and OFFICER MORTENSON,
　Defendants.

Case No.

COMPLAINT SEEKING DECLARATORY AND INJUNCTIVE RELIEF

JURY TRIAL DEMANDED

RECEIVED BY MAIL
SEP 0 3 2021
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
SEP 03 2021
U.S. DISTRICT COURT MPLS

For his complaint against Defendants, Plaintiff Paul Hansmeier alleges as follows:

I. Introduction.

1. Defendants are engaged in open and notorious retaliation against Hansmeier based on Hansmeier's filing of inmate lawsuits. In this lawsuit, Hansmeier asks the Court to order Defendants to cease and desist from this retaliation so that Hansmeier may continue exercising his right of access to the courts.

II. Jurisdiction and Venue.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the claims in this matter arise under federal law. The United States has waived its sovereign immunity pursuant to 5 U.S.C. § 702. The Court may award Hansmeier declaratory and injunctive relief pursuant to the Declaratory Judgment Act and this Court's inherent equitable jurisdiction.

3. Venue in this district is proper because Defendants have sufficient contacts to be subject to personal jurisdiction in this judicial district.

III. Parties.

4. Plaintiff Paul Hansmeier is a federal inmate.

5. Defendant Jeffrey Fikes is sued in his official capacity as Hansmeier's Warden.

6. Defendants Officers Dawson and Mortenson are officers at Hansmeier's institution.

IV. Facts.

7. To the extent that the claims in this matter are subject to an administrative remedy exhaustion requirement, the administrative remedy process is "unavailable" to Hansmeier within the meaning of Eighth Circuit precedent because Hansmeier has been denied timely access to the logistical requirements/neccessities of the administrative remedy process, including: (a) denial of access to forms that inmates are required to use in the administrative remedy process; (b) denial of access to a ballpoint pen that is adequate for purposes of completing the forms that Hansmeier has sometimes been provided; (c) denial of access to a copier that is neccessary to make the copies that are required to submit a proper administrative remedy request; and (d) denial of access to his legal boxes, which contain documents that Hansmeier has is required to attach to his requests for administrative remedies. Though Hansmeier has sometimes from time to time been provided with some of the foregoing neccessities, at no time has Hansmeier

had simultaneous access to all of the neccessities. This is true notwithstanding that Hansmeier has made good faith efforts to obtain timely access to these neccessities via proper institution channels. The administrative remedy requests Hansmeier has submitted have all been rejected due to Hansmeier's lack of access to those neccessities.

8. In the alternative, administrative exhaustion is not required under the futility doctrine. Exhaustion is ordinarily exempted to the extent that prison officials are relying on policy or in cases involving statutory interpretation, as it can be plausibly assumed that the various levels of the Bureau of Prisons will interpret a Program Statement or statute in the same manner. The claims in this case involve in whole or in part matters which rest on statutory interpretation, which are exempt from the exhaustion requirement under the futility doctrine.

9. Hansmeier has been engaging in First Amendment protected activity. Since September 2020, Hansmeier has been initiating lawsuits against the U.S. Attorney for the District of Minnesota containing as-applied challenges to the federal mail fraud, wire fraud and extortion statutes. The lawsuits seek declaratory and injunctive relief which would prohibit the defendants in the cases from enforcing these statutes against Hansmeier on account of his participation in certain copyright and civil rights enforcement activities, for which Hansmeier has been prosecuted or threatened with prosecution. These cases are pending in the U.S. District Court for the District of Minnesota and have been consolidated under the title In re Paul Hansmeier v. David MacLaughlin Litigation. Inmate lawsuits such as these, are protected First Amendment activity, particularly when filed in good faith, as these are.

10. On June 1, 2021, Hansmeier significantly increased his litigation activities in the In re Hansmeier consolidated action. Defendants immediately took adverse action against Hansmeier that was motivated by Hansmeier's inmate lawsuits. On

June 2, 2021, Defendants Dawson and Mortensen initiated a retaliatory shakedown of Hansmeier's belongings and wrote Hansmeier a pretextual incident report for possession of unauthorized property. On June 7, 2021, Defendants Dawson and Mortensen had Hansmeier placed in administrative detention (a/k/a the "Hole") based on their investigation into Hansmeier's inmate lawsuits, notwithstanding that administrative detention is appropriate only where specific and objective evidence shows that an "inmate's continued presence in the general population poses a serious threat to life, property, self, staff, other inmate, or to the security or the orderly running of the institution." Hansmeier (a white collar offender with no prior criminal history who spends his time filing inmate lawsuits and serving as a GED tutor) was not even alleged in the administrative detention order to pose such a threat — rather, Hansmeier's detention was purely retaliatory. On or around June 24, 2021, Defendant Fikes stopped by Hansmeier's cell to announce that he was going to transfer Hansmeier to a Bureau of Prisons institution "as far away" as possible in retaliation for Hansmeier's inmate lawsuits. Earlier, Defendant Dawson threatened to transfer Hansmeier to a medium security institution in retaliation for Hansmeier's inmate lawsuits. On August 18th, Defendants Dawson and Mortensen wrote Hansmeier another pretextual incident report, in which they now claim that inmate lawsuits are illegal and constitute the Prohibited Act of extortion. Defendants Fikes, Dawson and Mortensen have taken steps to have Hansmeier transferred in retaliation for his inmate lawsuits. All of the foregoing acts were motivated by Hansmeier's lawsuits.

11. Defendants' acts would chill a person of ordinary firmness. Defendants' threat to transfer Hansmeier to a higher security level institution materially increases Hansmeier's risk of being raped, stabbed or murdered. While in administrative detention, Hansmeier (for 80 days and counting) has been limited to three showers a week, one phone call per month, two hours of legal research access per week. Moreover, Hansmeier has been prohibited from attorney-client phone calls,

access to his legal materials, visits with his family and access to his newspaper. Defendant Fikes' threat to transfer Hansmeier to an institution as far away as possible would result in Hansmeier being isolated from his friends and family, who reside in Minnesota. Hansmeier is constrained to a windowless cell for 23 hours per day. As a result of the pretextual incident report, Hansmeier will lose good time, which lengthen his term of imprisonment. Hansmeier will be deprived of privileges, including visits and access to e-mail.

12. There is no basis for Defendants to allege that Hansmeier's inmate lawsuits constitute misconduct. Hansmeier's inmate lawsuits are carefully modeled after lawsuits that have succeeded against the Attorney General in the past and are brought in good faith. Nevertheless, Defendants have interpreted Hansmeier's inmate lawsuits as constituting the the Prohibited Acts of Use of the Mails for an Illegal Purpose (196) and Extortion (204). These Prohibited Acts are defined in the Bureau of Prisons' Program Statements.

13. Hansmeier seeks to immediately and without further delay initiate further inmate lawsuits. Hansmeier's inmate lawsuits would, if initiated, violate the BOP Program Statements as Defendants have applied them to Hansmeier's inmate lawsuits. Hansmeier is injured because he is placed in the position of either refraining from engaging in the First Amendment protected activity of filing inmate lawsuits or of exposing himself to the risk of further retaliation and sanctions under the Bureau of Prisons' Program Statements. Refraining from engaging in inmate lawsuits constitutes self-censorship and a loss of Hansmeier's First Amendment rights.

14. As applied to Hansmeier's inmate lawsuits, the BOP Program Statements chill Hansmeier's participation in First Amendment protected activity.

15. The BOP Program Statements are applied uniformly across the BOP.

16. Defendants' failure to perform non-discretionary duties, including their failure to provide Hansmeier with access to his legal materials, attorney-client privileged phone calls, attendance at the seven day, thirty day and every subsequent 30 day administrative detention hearings, unobstructed mailings between Hansmeier and his attorneys, access to copies and their administrative detention of Hansmeier without an identification or basis for finding that Hansmeier posed a "serious threat" justifying administrative detention materially obstructed and lessened the expected value of claims Hansmeier was asserting and would have asserted absent Defendants' breaches of those non-discretionary duties. The Defendants' failure to perform their duties was the cause of the diminution in value of Hansmeier's claims as Hansmeier would have been able to prosecute his claims but for these deprivations.

V. First Cause of Action - First Amendment (as applied)

17. Hansmeier re-alleges and incorporates by reference all allegations set forth above.

18. Federal inmates have a clearly established First Amendment right to access the courts, including by filing inmate lawsuits.

19. The BOP Program Statements impermissibly interfere with and prohibit Hansmeier's inmate lawsuits.

20. As applied to Hansmeier's inmate lawsuits, the BOP Program Statements are not justified by a legitimate, compelling, or overriding government interest. Nor are they narrowly tailored to achieve a legitimate, compelling, or overriding government interest.

21. The BOP Program Statements thus violate the First Amendment to the U.S. Constitution.

22. The BOP Program Statements' prohibition of Hansmeier's inmate lawsuits causes ongoing and irreparable harm to Hansmeier, who has no adequate remedy at law. Absent immediate injunctive relief, Hansmeier will continue to suffer irreparable harm.

## VI. Second Cause of Action — First Amendment Retaliation.

23. Hansmeier re-alleges and reincorporates by reference all allegations set forth above.

24. Federal inmates have a clearly established right to access the courts free of retaliation and harassment.

25. Defendants have taken and have credibly threatened to take adverse action against Hansmeier that would chill a person of ordinary firmness from continuing in the activity and the adverse action was motivated at least in part by the filing of inmate lawsuits.

26. Defendants unlawful retaliation causes ongoing and irreparable harm to Hansmeier, who has no adequate remedy at law. Absent immediate injunctive relief, Hansmeier will continue to suffer irreparable harm.

## VII. Third Cause of Action — Negligence.

27.0 Hansmeier re-alleges and re-incorporates by reference all allegations set forth above.

27.1 Defendants owed Hansmeier the non-discretionary duties identified in paragraph 16, supra.

28. Defendants breached these duties.

29. Defendants' failure to perform those duties caused a material reduction in value in Hansmeier's existing and expected claims.

30. Hansmeier has been injured by the loss in value from his claims.

PRAYER FOR RELIEF

Hansmeier respectfully requests a judgment:

1. Declaring that the BOP Program Statements, as applied to Hansmeier's inmate lawsuits, violate the First Amendment to the U.S. Constitution;

2. Permanently enjoining the Defendants, as well as their officers, agents, employees, attorneys, and all other persons in active concert or participation with them, from enforcing or threatening to enforce the BOP Program Statements against Hansmeier based on Hansmeier's inmate lawsuits and from retaliating or harassing Hansmeier based on Hansmeier's inmate lawsuit;

3. Ordering Defendants to transfer Hansmeier to home confinement;

4. Awarding Hansmeier damages in an amount to be determined at trial;

5. Awarding Hansmeier's attorney's fees and costs under the Equal Access to Justice Act; and

6. Awarding such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Hansmeier demands a jury trial on all issues so triable.

Dated: August 26, 2021

*(signature)*

Paul Hansmeier
20953-041 Unit K3
P.O. Box 1000
Sandstone, MN 55072