UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAUL HANSMEIER,

    Plaintiff,

v.

JEFFREY FIKES, et al.,

    Defendants.

Case No. 21-CV-1979 (PAM/DTS)

## DECLARATION OF SHANNON BOLDT

I, Shannon Boldt, do hereby declare and state as follows:

1. I am currently employed by the United States Department of Justice (DOJ), Federal Bureau of Prisons (BOP), as a Paralegal Specialist for the Consolidated Legal Center (CLC) for Minnesota. The CLC handles all litigation for the institutions in Minnesota (including the Federal Medical Center, Rochester, Minnesota (FMC Rochester), the Federal Correctional Institution, Waseca, Minnesota (FCI Waseca), the Federal Correctional Institution, Sandstone, Minnesota (FCI Sandstone), and the Federal Prison Camp, Duluth, Minnesota (FPC Duluth)), and U.S. Penitentiary in Thomson, Illinois (USP Thomson). The CLC is housed at FMC Rochester. I have been employed in this capacity since April 2015. I have been employed with the BOP since February 2006.

2. It is my understanding FCI Sandstone inmate Paul Hansmeier, Register No. 20953-041, has filed a civil action alleging staff retaliated against him by placing him in SHU, issuing an incident report, and threatening to transfer him.

GOVERNMENT EXHIBIT 2

3. Hansmeier was convicted of Conspiracy to Commit Mail and Wire Fraud, in violation of 18 U.S.C. § 1349, and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h). He was sentenced to a 168-month term of imprisonment, and he has a projected release date of June 12, 2031, via a good conduct time release. *See* Public Information Inmate Data as of 05-16-2022, for Paul R. Hansmeier, Register No. 20953-041, a true and correct copy of which is attached as Exhibit A to this declaration.

4. I am familiar with all four levels of the inmate administrative grievance procedure created by the Bureau Administrative Remedy Program. *See* 28 C.F.R. §§ 542.10 - 542.19.

5. The Bureau has a four-tiered administrative procedure for inmate grievances, which is codified at 28 C.F.R. § 542.10, *et seq.*

6. The first step is informal resolution with prison staff. 28 C.F.R. § 542.13(a). Requests for Informal Resolution Forms (also known as a "BP-8") are not assigned a Remedy ID number and are not tracked. If the inmate is unable to informally resolve her complaint, he may proceed to the second step, the filing of a formal Request for Administrative Remedy (also known as a "BP-9") at the institution in which the inmate is incarcerated. *Id.* § 542.14. If the inmate feels the response to her BP-9 is not satisfactory, within 20 calendar days of the date the Warden signed the response, the inmate may then appeal the complaint to the Regional Director, by filing a Regional Office Administrative Remedy Appeal (also known as a "BP-10"). *Id.* § 542.15(a). If dissatisfied with the Regional Director's response, the inmate may appeal to the Director, National Inmate Appeals, in the Office of the General Counsel in Washington D.C., by filing a Central Office

Administrative Remedy Appeal (also known as a "BP-11"). *Id.* An inmate may not raise in an appeal an issue he did not raise in a lower level filing. *Id.* § 542.15(b)(2).

7. Appeal to the General Counsel is the final administrative appeal. See 28 C.F.R. § 542.15(a). An inmate has not exhausted her remedies until he has sought review at all levels of the process.

8. The administrative remedy program "applies to all inmates in institutions operated by the Bureau of Prisons." 28 C.F.R. § 542.10(b).

9. Since July 1980, the Bureau has maintained information related to administrative complaints filed by inmates under the Bureau Administrative Remedy Program in SENTRY. One of the many functions of the SENTRY database is to track administrative remedy complaints and appeals, and it allows one to complete a computerized search of complaints and appeals filed by a specific inmate.

10. Each formal complaint (i.e. BP-9, BP-10, and BP-11) is logged into SENTRY at the receiving location. If the complaint is an initial filing, it receives a unique "Remedy ID Number" upon initial entry, which follows the complaint throughout the appeal process. Each "Remedy ID Number" also contains an explanation, or "extension," that identifies the level of review. The extension "F-1" indicates the complaint was filed at the institution level (BP-9). The extension "R-1" indicates the complaint or appeal was filed at the regional level (BP-10). The extension "A-1" indicates the appeal was filed at the national level (BP-11). The number at the end of the extension may change if the remedy or appeal is initially rejected and is then re-filed due to a technical problem, such as improper form, failing to include documentation, or improper filing at that level.

11. Hard copies of the administrative remedy filed are maintained for a period of three years. At all phases of the administrative remedy process, paper copies of the administrative remedy documentation are also returned to the inmate, along with the agency response.

12. As of May 16, 2022, Hansmeier has attempted to file six administrative remedies during his incarceration with the Bureau of Prisons. *See* Administrative Remedy Generalized Retrieval, as of 05-16-2022, for Paul Hansmeier, Register No. 20953-041, a true and correct copy of which is attached as Exhibit B to this declaration.

13. On or about July 16, 2021, Hansmeier submitted Administrative Remedy 1088037-F1 at the institution level, appealing an incident report. Administrative Remedy 1088037-F1 was procedurally rejected for status reasons "ONE ATT RSF." Status Reason "ONE" informed Hansmeier he could only submit up to one letter-size (8 1/2" x 11") continuation page. Status Reason "ATT" informed Hansmeier he did not submit the correct number of copies of the attachments, i.e., 2 at the institution level. Finally, Status Reason "RSF" advised him could resubmit his appeal in proper form within 5 days of the rejection notice. *See* Exhibit B at 2.

14. Hansmeier appealed the rejection of Administrative Remedy 1088037-F1 to the regional office. On August 3, 2021, Administrative Remedy 1088037-R1 was also procedurally rejected for status reasons "OTH IRQ LEG RSR." Status Reason "IRQ" advised Hansmeier he did not provide one of the carbon-copy institution Administrative Remedy Requests with his appeal. Status Reason "LEG" advised him all four pages of his regional appeal must be legible and worded the same and photocopies of the form would not be accepted. Status Reason "OTH" directed him to comments, which were, "Correct your

issues with your BP9 and refile at the institution. Warden's response is required." Finally, Status Reason "RSR" afforded Hansmeier 10 days from the rejection notice to resubmit his appeal in proper form. *See* Exhibit B at 2.

15. Hansmeier appealed the rejection of Administrative Remedy 1088037-R1 to Central Office. Administrative Remedy 1088037-A1 was procedurally rejected for status reason "DIR," which indicated Central Office concurred with the rationale of the regional office and/or institution for rejection and advised Hansmeier to follow directions provided on prior rejection notices. *See* Exhibit B at 3.

16. Meanwhile, on or about September 7, 2021, Hansmeier submitted Administrative Remedy 1094057-R1 to the regional office alleging staff misconduct. *See* Exhibit B at 3. Administrative Remedy 1094057-R1 was procedurally rejected for status codes "SEN INS IRQ RSR." Status Reason "SEN" informed Hansmeier that the issue he raised was not a sensitive issue, and his appeal was not being returned to him in accordance with policy." Status Code "INS" advised him he must file a BP-9 request through the institution for the Warden's review and response before appealing to the region. *See* Exhibit B at 3; *see also* Administrative Remedy 1094057-R1, a true and correct copy of which is attached as Exhibit C to this declaration.[1]

---

[1] The scanned copy of Administrative Remedy 1094057-R1 is not the best quality. I have been advised the remedy reads as follows:

> I have been in the SHU for 81 days on an SIS investigation by officers Dawson-Eckberg and Mortenson into cases I filed in early June. I am an attorney by training and my cases involve challenges to certain federal statutes as applied to certain intellectual property and civil rights enforcement methods. My cases are proceeding through the ordinary civil procedures, but rather than wait to see how the judge rules, officers Dawson-Eckberg and Mortenson have decided to take the unusual step of charging me with using the mails for an illegal purpose and extortion. In other words, those officers want to be the ones who

5

17. Further, I am familiar with the policies and procedures regarding the processing of administrative tort claims filed by inmates. As part of my official duties, I have access to records maintained in the ordinary course of business by the Bureau, including administrative tort claims submitted by federal inmates. All administrative tort claims submitted and received by the BOP are entered into an electronic database called Content Manger and tracked utilizing that database.

18. A search in Content Manager using Hansmeier's register number was conducted, and there were two results. *See* Content Manager Search and Results for Register No. 20953-041, a true and correct copy of which is attached as Exhibit D to this declaration.

19. TRT-NCR-2021-07585 was received by the Bureau of Prisons on August 24, 2021. According to Hansmeier, on August 4, 2021, SIS officers Mortenson and Dawson informed him he could not engage in certain legal activities. He also alleged he had been in SHU since June 7, 2021. *See* TRT-NCR-2021-07585, a true and correct copy of which is attached as Exhibit E to this declaration. This administrative claim was denied on December 15, 2021. *See* Denial Letter, TRT-NCR-2021-07585, a true and correct copy of which is attached as Exhibit F to this declaration.

20. TRT-NCR-2022-03082 was received by the Bureau of Prisons on February 10, 2022, and is still pending decision with a six-month response date of August 9, 2022. In this claim, Hansmeier alleges Mortenson and Dawson removed the 2010 Americans With

---

rule on my case instead of the judge. It is difficult to put into words just how unusual and improper this is. Judges issue orders to the BOP -not the other way around. Moreover, I am informed that those officers intend to attempt a retaliatory transfer (which, based) on my reading of case law would violate my civil rights) regardless of how my DHO hearing goes. I like and respect Sandstone staff as long as they leave the law to the judges. I ask Region to deny any retaliatory transfer and order Sandstone to leave the courts alone.

Disabilities Act Accessibility Guidelines from his legal property. *See* TRT-NCR-2022-03082, and true and correct copy of which is attached as Exhibit G to this declaration.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed this 2nd day of June, 2022.

*Shannon Boldt*
Shannon Boldt
Paralegal Specialist
Federal Medical Center
Rochester, Minnesota