UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 21-CV-1979 (PAM/DTS)

PAUL HANSMEIER,

    Plaintiff,

v.

JEFFREY FIKES, OFFICER DAWSON, OFFICER MORTENSON, and MICHAEL CARVAJAL,

    Defendants.

**REPLY MEMORANDUM IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS AND/OR RULE 56 MOTION FOR SUMMARY JUDGMENT**

## Introduction

The Court should grant the motion of defendants Jeffrey Fikes, Officer Dawson, Officer Mortenson, and Michael Carvajal ("Federal Defendants"), sued in their official capacities, to dismiss the Amended Complaint and/or for summary judgment. Hansmeier is not entitled to the liberal pleading standard available to most *pro se* plaintiffs. His response does many things: it attempts to impermissibly amend his pleading, relitigate already-decided cases, and distract from the lack of merit in this case. It does not, however, provide any basis to defeat the instant motion. Dismissal or summary judgment is warranted.

## Argument

### I. Liberal *Pro Se* Pleading Standard Unavailable

Hansmeier proceeds *pro se* in this action, but he is not entitled to the liberal pleading standard typically extended to such litigants. Hansmeier argues that despite having been a practicing attorney—and despite having argued in cases he previously litigated in this district that he "has filed hundred of complaints, won multiple appeals, prevailed at trial and defeated all forms of challenges to his clients' cases," Compl., *Hansmeier v. MacLaughlin, et al.*, No. 20 C 2155 (JRT/LIB), ECF No. 1-1, ¶ 39 (D. Minn. Oct. 13, 2020)—the Court must liberally construe his complaint for two reasons. First, he urges the Court to apply a liberal pleading standard to him because this specific case type does not fall within his area of legal expertise. Pl. Br. at 4. Second, he argues that because he was previously housed in the Special Housing Unit (SHU) when he drafted his pleading, he is entitled to special treatment in this suit. *Id.* As already noted, in line with comparable cases, Hansmeier has previously been found to be ineligible for the less stringent standards. *Garcia v. Bank of America, N.A.*, No. 13 C 383 (DWF/LIB), 2014 WL 5685518, *1 n.2 (D. Minn. Feb. 5, 2014) (declining to liberally construe filings of disbarred attorney); *see also* Order, *Hansmeier v. MacLaughlin, et al.*, No. 21 C 1167 (JRT/LIB), ECF No. 57 at 5 (D. Minn. Mar. 11, 2022) (declining to extend less stringent standard to Hansmeier). The Court should not liberally construe the Amended Complaint.

### II. No *Bivens* Claim Alleged

Hansmeier does not dispute that he failed to specifically plead any individual capacity claims in this matter. Opp. To Defs.' Motion to Dismiss and/or for Summary

2

Judgment, ECF No. 58 at 3 (D. Minn. filed July 28, 2022) (hereinafter, "Pl. Br."). Instead, he argues that because he did *not* plead that the claims against Officers Dawson and Mortenson were *not* official-capacity claims, *id.*, the Court must assume that they are individual-capacity claims. This argument is not persuasive. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) (noting if "plaintiff's complaint is silent about the capacity in which she is suing the defendant, [courts] interpret the complaint as including only official-capacity claims."); *see also Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("In actions against officers, specific pleading of individual capacity is required to put public officials on notice that they will be exposed to personal liability."). The law in this Circuit is well-settled: "[W]hen a plaintiff's complaint is silent or otherwise ambiguous about the capacity in which the plaintiff is suing the defendant, our precedent requires us to presume that the plaintiff brings suit against the defendants in only their official capacities." *Remington v. Hoopes*, 611 Fed. App'x 883, 885 (8th Cir. 2015) (per curiam).

Hansmeier also asks the Court to construe "possible claims for malicious prosecution . . . or claims for abuse of process, etc.," Pl. Br. at 4, again insisting that the Court must find "possible" individual-capacity claims even though he did not plead them. As already explained, Hansmeier is not entitled to the liberal standard applicable to typical *pro se* litigants. And to the extent Hansmeier uses the response brief to attempt to amend his deficient Amended Complaint, he may not do so. *Morgan Dist. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989). Setting aside the fact that even if a *Bivens* claim

3

had been pleaded it would not survive a motion to dismiss, *Egbert v. Boule*, No. 21-147, slip op. (2022), there is simply no individual-capacity claim in the Amended Complaint.

### III.   FTCA Claims Not Exhausted

Hansmeier concedes that any FTCA claim "is improperly exhausted," Pl. Br. 3[1]; for this reason alone, dismissal is proper. *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993) (presentment of the FTCA administrative claim is jurisdictional).

### IV.   First Amendment Claims Fail

The First Amendment retaliation, interference, and as-applied claims fail for two independent reasons: failure to exhaust and failure to state a claim. The response brief does not show otherwise.

#### A. *Failure to Exhaust*

As a threshold matter, Hansmeier disputes whether his as-applied First Amendment challenge to the Inmate Discipline Program requires exhaustion. He does not support this argument with any citation to precedent, nor can he. The PLRA clearly provides that "[n]o action shall be brought with respect to prison conditions. . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The term, "civil action with respect to prison conditions" means "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus

---

[1] While elsewhere in his response Hansmeier states that his "negligence claims are fully exhausted and meritorious," he immediately thereafter again concedes that he did *not* administratively exhaust an FTCA claim before initiating this suit.

proceedings challenging the fact or duration of confinement in prison[.]" 18 U.S.C. § 3626(g)(2). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," and it applies "regardless of the nature of the claim or the relief the prisoner is seeking." *Fisherman v. Rasmussen*, No. 12 C 2554 (JRT/JSM), 2013 WL 3354509, *7 (D. Minn. July 3, 2013) (quotation marks and citations omitted). Here, the Inmate Discipline Program and its application to Hansmeier squarely implicate Hansmeier's confinement conditions, and the Court should not "engraft upon the [PLRA] an exception that Congress did not place there" as Hansmeier urges. *Castano v. Neb. Dep't of Corrs.*, 201 F.3d 1023, 1025 (8th Cir. 2000).

Hansmeier insists that he *did* satisfy any administrative exhaustion requirement, or in the alternative that the administrative remedy process was unavailable to him. Pl. Br. 5-9. In support of these arguments, Hansmeier appears to have incorporated into his response brief additional unpleaded factual allegations. *Compare* Am. Compl. (including 91 paragraphs), *with* Pl. Br. (pleading paragraph numbered "92" with numerous subparts). Once again, Hansmeier cannot survive a motion to dismiss by amending his pleading through additional allegations in his response brief. *Morgan*, 868 F.2d at 995. And even if the Court were to liberally construe the response and view this additional information as tantamount to an unsworn declaration, it would not create a genuine issue of material fact sufficient to survive the motion. Instead, it reflects the undisputed fact that Hansmeier started the administrative remedy process with regard to at least some of his grievances, as well as his personal belief about what two correctional officers would state and/or recall about his volume of outgoing documents and mail. The information also contains

5

Hansmeier's view that he "believe[s] that [he] strictly complied with the requirements of administrative remedy exhaustion." *Id.* ¶ 92(e). Rather than supporting Hansmeier's arguments on exhaustion, however, this additional information instead reveals key misunderstandings that undermine his argument.

For one thing, it appears that Hansmeier may have believed he was submitting administrative remedy forms when he mailed them, *id.* ¶ 92(f), but mailing an institutional remedy, the first filing in the process, is not permitted according to federal regulations. *See* 28 C.F.R. § 542.14(c). Such administrative remedy forms would therefore not have been properly submitted even if Hansmeier mailed them as he states. Relatedly, Hansmeier's response conflates his FTCA administrative *claims* with administrative *remedy* requests. Hansmeier notes, for example, that "it is unclear why the government believes that Hansmeier failed to exhaust his administrative remedies" because he "received a response (claim TRT-NCR-2021-7585)[.]" Pl. Br. at 9. But the cited submission, TRT-NCR-2021-7585, was an FTCA administrative claim that Hansmeier initiated, not an administrative remedy. (As already discussed, this and another FTCA administrative claim were not administratively exhausted and cannot proceed in this action for that reason.) Such factual errors in the response—whether viewed as an unpermitted amendment to the pleading or an attempted unsworn declaration—call into question the usefulness of this information in assessing the existence of a genuine issue of material fact.

Hansmeier's beliefs and misunderstandings aside, *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), it seems he is attempting to survive summary judgment by suggesting the BOP failed to record various unspecified additional administrative remedy

submissions. He does not provide probative detail about what these alleged remedies related to specifically, however, nor how many there were or what dates they were submitted, among other relevant information. The Court should not allow Hansmeier to manufacture a genuine dispute of material fact through such vague and conclusory allegations. *Paine v. Jefferson Nat'l Life Ins. Co.*, 594 F.3d 989, 992 (8th Cir. 2010) (noting that to defeat summary judgment, a nonmoving party "must produce probative evidence sufficient to demonstrate a genuine issue of material fact for trial" instead of resting on conclusory allegations) (quotation marks, citation, and alteration omitted).

Hansmeier also argues that the administrative remedy process was unavailable to him specifically while he was housed in SHU, and he should therefore be excused from his failure to exhaust. Indeed, Hansmeier is clear that his argument "is the issue of whether administrative remedies were available to Hansmeier *while he was subject to his isolation cell*." Pl. Br. at 6 (emphasis supplied). But even if the Court credits Hansmeier's position that his ability to properly submit administrative remedies was limited while he was in SHU (which it need not do in the absence of evidence sufficient to indicate the existence of a genuine dispute of material fact), a temporary limitation is not sufficient to render the entire process "unavailable." *See, e.g.*, *Gonzalez v. Bendt*, 971 F.3d 742, 744, 746 (8th Cir. 2020) (affirming that grant of summary judgment was proper where plaintiff failed to prove "that denial of a few grievance forms would chill an inmate of ordinary firmness from filing future grievances"). And indeed, even if the Court credits Hansmeier's position about his ability to proceed while in SHU, Hansmeier fails to plead or show that he experienced more than a temporary limitation. Hansmeier declines to explain why, in the

7

eight months after his placement in SHU concluded and return to the general population, he never attempted to pursue, let alone exhaust, any administrative remedies. As previously noted, the deadlines for submission at any level can be extended when an inmate demonstrates a valid reason for the delay, and Hansmeier has not attempted to avail himself of such an extension. 28 C.F.R. §§ 542.14(b), 542.15(a). Hansmeier offers no explanation whatsoever for his choice to not pursue his administrative remedies after leaving SHU. To the contrary, he offers that when he "is in ordinary living conditions—i.e., the country club-like setting of normal prison life—completing the administrative remedy process is a straightforward matter." Pl. Br. at 7. Hansmeier further says he "is happy to exhaust his administrative remedies for the nineteenth time[.]" *Id.* at 10. That Hansmeier now offers to exhaust the administrative remedy process, flippantly or otherwise, weighs in favor of a finding that this case need not proceed in federal court at this time.

Nor should the Court accept Hansmeier's argument that the administrative remedy process was a "dead end" with regard to the as-applied First Amendment claim because BOP staff did not have the power to declare the Inmate Discipline Program constitutionally invalid. *Id.* at 8. For one thing, it is well-settled that a prisoner must exhaust administrative remedies even where the relief sought cannot be granted by an administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). For another, nothing in the record indicates that this case fits the "narrow" exception of a process that constitutes a "dead end" sufficient to establish unavailability, *Harvey v. Minn. Dep't of Corrs., et al.*, No. 21 C 346 (WMW/JFD), 2021 WL 6808297, *4 (D. Minn. Oct. 14, 2021), *report and recommendation adopted as modified*, 2022 WL 35748 (D. Minn. Jan. 4, 2022), *aff'd, id.*,

8

No. 22-1192, 2022 WL 1931060 (8th Cir. June 6, 2022) (per curiam); that requires prison officials to be "unable or consistently unwilling to provide any relief." *Scher v. Bureau of Prisons*, No. 19 C 2001 (SRN/BRT), 2020 WL 6927572, *3 (D. Minn. July 1, 2020) (quotation marks omitted). Hansmeier did receive relief in response to the contested incident report relating to his "Child Porn Task Force" letter and related material, which a Discipline Hearing Officer expunged in accordance with BOP Program Statement 5270.09, the Inmate Discipline Program. The BOP's process operated as it should—with multiple levels of independent review to assess the reported issues—not as a "dead end" as Hansmeier insists.

Due to Hansmeier's failure to exhaust, and the absence of an excuse for that failure, the First Amendment retaliation, interference, and as-applied claims fail for this reason alone.

B. *Failure to State a Claim*

Even setting aside administrative exhaustion, dismissal or summary judgment is nonetheless warranted. The response does not show otherwise. Hansmeier's First Amendment theories also fail to state a claim entitling him to relief. A First Amendment retaliation claim requires that the claimant have engaged in a constitutionally protected activity, that he suffered adverse action by the defendant that would chill a person of ordinary firmness from continuing the activity, and that the adverse action was motivated in part by the exercise of constitutional rights. *Scheffler v. Molin*, 743 F.3d 619, 621 (8th Cir. 2014). A First Amendment interference claim such as Hansmeier's requires assertion of having suffered actual injury to pending or contemplated legal claims. *Myers v.*

9

*Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). The as-applied First Amendment challenge here requires an alleged intention to engage in an arguably affected but proscribed constitutional interest and a credible threat of prosecution related thereto. *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979).

Hansmeier did not state a claim entitling to relief under any of these theories. As already noted, there is no unfettered constitutional right to petition courts with frivolous and vexatious filings. *In re Taylor*, 839 F.2d 1290, 1292 (8th Cir. 1988) (per curiam). Further, Hansmeier does not allege or show that allegedly limited access resulted in actual injury suffered in meritorious matters, and the rejection of his vexatious litigation alone cannot support an interference claim. Am. Compl. ¶¶ 37-39, 69. *Myers*, 101 F.3d at 544 (noting that "theoretical inadequacies" are insufficient). Finally, Hansmeier points to no authority in support of his view that exposure to disciplinary sanctions are equivalent to a threat of criminal prosecution, nor can he. *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (noting that alleged threats of prosecution cannot be characterized as "imaginary or speculative") (quotation marks and citation omitted). Hansmeier states in his response brief, again attempting to impermissibly amend his pleading, that "BOP referred Hansmeier for criminal prosecution based on his First Amendment petitioning activity," Pl. Br. at 18. This allegation contradicts the Amended Complaint itself, which in several places specifically did *not* allege a credible threat of prosecution. *See, e.g.*, Am. Compl. ¶ 49 ("Hansmeier is placed in reasonable fear of being ~~prosecuted~~ subject to disciplinary sanctions") (strike-through text in original), ¶ 51 ("to avoid the risk of ~~criminal prosecution and civil liability under the Ch~~ retaliation from Defendants") (strike-through text in

10

original). The Court should reject this unpermitted amendment to the pleading. *Morgan*, 868 F.2d at 995 (noting pleading cannot be amended through response brief). Even if the Court were inclined to allow Hansmeier to amend his pleading in this way, a BOP "referral" to an unspecified person or entity is not equivalent to pleading a credible threat of prosecution. *Babbitt*, 442 U.S. at 298-99.

Further, where the requested relief would no longer serve to redress the alleged injury, the dispute becomes moot and dismissal is warranted. *See, e.g.*, *Mississippi River Revival, Inc. v. City of Minneapolis*, 145 F. Supp. 2d 1062, 1065 (D. Minn. 2001) (DDA/FLN). Hansmeier does not contest that the contemplated transfer is no longer under consideration, nor that the disputed incident report for suspected violations of Code 204, Extortion, and Code 196, Use of the Mail for an Illegal Purpose, has been expunged. Br., Warlick Decl. ¶ 7. Hansmeier now argues in his response that another incident report, which he received for possession of unrelated unauthorized items, is also retaliatory and should also be expunged. Pl. Br. at 11. Hansmeier does not contest, however, that he possessed the unauthorized material. Am. Compl. ¶ 20. His alleged subjective belief that he possessed the items in accordance with BOP policy is both unsupported and incorrect; more importantly, his suggestion that his possession of unauthorized property would not have resulted in an incident report but for his petitioning activity for violating BOP policy is also completely unsupported and cannot "nudge" any claim based on this additional incident report "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Similarly, as already explained, monetary damages are unavailable in official-capacity suits like this one because the United States has not waived

its sovereign immunity for constitutional violations seeking money damages. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *FDIC v. Meyer*, 510 U.S. 471, 474, 478 (1994). And as a practical matter, contrary to Hansmeier's suggestion, home confinement would not redress his alleged injuries because the Inmate Discipline Program applies to inmates on home confinement. *See Gonzalez v. United States*, No. 14 1263 (JRT/LIB), 2015 WL 283284, *5 (D. Minn. Jan. 22, 2015) (upholding an incident report an inmate received for violating the BOP's Inmate Discipline Program while on home confinement). The First Amendment claims fail for this additional reason.

In a last-ditch effort to keep this suit alive, Hansmeier insists that the Supreme Court's recent *Bruen* decision compels a different result. He is wrong. In *New York State Rifle & Pistol Assoc., Inc., v. Bruen, et al.*, No. 20-843, slip op. (2022), the Court held that the State's denial of the petitioners' concealed-carry license applications violated the Second Amendment. In so concluding, the Court noted that its holding accorded with how its jurisprudence had protected other constitutional rights, including the First Amendment. *Id.* at 15. But this motion does not hinge on this Court adopting a novel First Amendment limitation. As already discussed, this Circuit has long recognized "there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Taylor*, 839 F.2d at 1292 (quotation marks and citation omitted). Contrary to what Hansmeier suggests, the suits were specifically found to be actually "frivolous and duplicative if not, arguably, harassing and abusive." *Hansmeier v. MacLaughlin, et al.*, No. 21 C 1167 (JRT/LIB), 2022 WL 748484, *7 (D. Minn. Mar. 11, 2022); *see also id.*, *1 ("Hansmeier has shown he has no reservations in filing frivolous, meritless, duplicative, and arguably

harassing lawsuits against the Federal Defendants[.]"). Hansmeier never appealed the dismissal of these cases and their appropriately-tailored filing restriction. *Bruen* cannot save Hansmeier's deficient Amended Complaint from dismissal or summary judgment.

Hansmeier spends much of his response attempting to re-litigate his views concerning the merit of his criminal conviction, the work of the criminal prosecutors who handled that case, and his litigation campaign against the U.S. Attorney's Office and others that he insists was "inaccurately described" by the Chief Judge when dismissing his numerous cases and imposing an appropriately-tailored filing restriction. Pl. Br. 15-17. But this suit is not an appropriate vehicle to revisit prior, final judicial findings, and the issues that are raised in this matter are without merit.

## Conclusion

For the foregoing reasons, the Court should grant the Federal Defendants' motion to dismiss and/or for summary judgment.

Respectfully submitted,

Dated:  August 11, 2022

ANDREW M. LUGER
United States Attorney

*s/ Kristen E. Rau*

BY:  KRISTEN E. RAU
Assistant U.S. Attorney
Attorney ID No. 0397907
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Kristen.Rau@usdoj.gov
(612) 759-3180

*Attorneys for the Federal Defendants*

13