UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul Hansmeier, <br> Plaintiff, <br> v. <br> Jeffrey Fikes, et al., <br> Defendants. | 21-cv-1979 <br><br> MEMORANDUM AND DECLARATION IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION OR FOR SUMMARY JUDGMENT |

August 8, 2022

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

# I. Introduction.

Plaintiff Paul Hansmeier's copyrights, social rights and civil rights are being violated. Hansmeier seeks to petition the courts for relief from these violations, but is prohibited and chilled from doing so by the Inmate Discipline Program, 28 C.F.R. Part 541. The issue in this case is whether the Inmate Discipline Program violates the First Amendment as applied to this important and socially valuable petitioning activity. The Court should hold that it does and grant Hansmeier the relief sought in his motion.

# II. Background.

### A. Hansmeier's copyrights, social rights and civil rights are being violated.

Hansmeier's copyrights are being violated. Hansmeier asked an investigator to post Hansmeier's copyrighted works on a notorious digital piracy website, the Pirate Bay, to see if anyone would pirate the works. People have pirated the works and Hansmeier would like to sue them. The investigative method Hansmeier has used closely resembles that which was used by the copyright holder in <u>Olan Mills, Inc. v. Linn Photo Co.</u>, 23 F.3d 1345 (8th Cir. 1994), so Hansmeier believes that his claims will have merit. Hansmeier's belief is strengthened by the teachings of learned treatises. 4-13 Nimmer on Copyright 13.09[B] ("Use of ... undercover investigators and the like to ferret out infringement is routine, and provides no defense."). Though Hansmeier was prosecuted for using similar tactics in the past, the issue in his prior cases was that he did not fully

disclose his use of these tactics. Hansmeier intends to make such disclosures in his future cases. These claims will benefit Hansmeier, but they will also benefit the community because they will discourage people from using those types of websites to rip off creative professionals, which will in turn support the markets for creative expression and make more works available to the public.

Hansmeier's social rights are being violated. Through his life experiences, Hansmeier developed a social interest in helping people with disabilities gain access to society. Hansmeier is furthering this social interest by coordinating pairs testing at public accommodations akin to that which was used in Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982) and Shaver v. Independent Stave Co., 350 F.3d 716 (8th Cir. 2003). Some of the subject public accommodations are so out of compliance that Hansmeier's pairs testers cannot access the accommodation to conduct the pairs testing, which stymies Hansmeier's pairs testing. Hansmeier would like to sue these public accommodations so that his pairs testers can access the facilities. These claims will help Hansmeier further his social interest in helping his friends with disabilities, but they will also benefit the community by encouraging businesses to make their facilities accessible to people with disabilities via voluntary compliance efforts.

Hansmeier's civil rights are being violated. The government does not want Hansmeier to bring the claims described above so it has prosecuted, threatened to prosecute, retaliated and interfered with Hansmeier on account of his petitioning activity. These actions violate Hansmeier's First Amendment rights and Hansmeier would like to sue the government to enforce his rights. These claims will defend Hansmeier's constitutional rights, but they will also benefit the community by defending the courts as a dispute resolution forum, versus the alternative of people resolving

their disputes through violence.

    B. Hansmeier is prohibited and chilled from participating in this important and socially valuable petitioning activity by the <u>Inmate Discipline Program</u>.

    The amended complaint paragraphs 1-53 lay out the details of Hansmeier's experience of being retaliated against, interfered with and having adverse action taken against him on account of his petitioning activity. These paragraphs are reproduced in full herein and are supplemented by facts occurring after the filing of Hansmeier's amended complaint.

[intentionally left blank]

III. Argument.

The Court should protect Hansmeier's First Amendment rights by either preliminarily or permanently ordering Defendants to transfer Hansmeier to home confinement. This common sense form of relief is the most narrowly-tailored form of relief under the circumstances and is the only form of relief that would fully resolve all of Hansmeier's claims.

A. Legal Standard.

A preliminary injunction should issue when a movant can show a likelihood of success on the merits, a threat of irreparable harm and that the balance of equities favors relief. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981).

Summary judgment is warranted when the evidence is so one-sided that one party must prevail as a matter of law. Diesel Mach. Inc. v. B. R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005).

B. Analysis.

1. Merits (Summary judgment and preliminary injunction).

Hansmeier must prevail as a matter of law because all of the evidence shows that the Inmate Discipline Program violates the First Amendment as applied to Hansmeier's petitioning activity and that Defendants violated the First Amendment by retaliating against Hansmeier on account of his petitioning

activity.

        a. The Inmate Discipline Program violates the First Amendment as applied to Hansmeier's petitioning activity.

    Under *Bruen v. New York State Rifle and Pistol Ass'n, Inc.*, 597 U.S. ___ (2022), the Supreme Court announced a new test for assessing whether a law impermissibly restricts enumerated constitutional rights, such as the Second Amendment right to bear arms or the First Amendment right to speech. Stated in terms of the petitioning right, when a law interferes with conduct covered by the plain text of the Petition Clause, the law presumptively violates the Constitution and must be struck down unless the government can show that its regulation is consistent with the Nation's historical tradition of regulating litigation conduct.

    The Inmate Discipline Program burdens conduct covered by the plain text of the Petition Clause. A review of the charges Defendants filed against Hansmeier shows that Defendants subjected Hansmeier to five months in the extraordinarily harsh conditions of administrative detention and sought to impose sanctions, including lengthening the term of Hansmeier's term of imprisonment, based on Hansmeier's efforts to petition the courts for relief — all of which is protected by the Petition Clause's plain text. This is true irrespective of whether Defendants or anyone else believe that Hansmeier's claims have merit; to allow Bureau of Prisons staff members to sanction inmates or administratively detain them based merely on allegations that petitioning activity is "frivolous," would be to leave the First Amendment as providing no real protection at all.

Under Bruen, the Inmate Discipline Program must be struck down as applied to Hansmeier's petitioning activity. This is true because our Nation has no historical tradition of allowing prison guards to decide cases and controversies. Rather, our Nation trusts in the "time-tested procedures" of the courts to resolve disputes in litigation by "separating validity from invalidity, honesty from dishonesty." United States v. Pendergraft, 297 F.3d 1198, 1206 (11th Cir. 2002). Our Nation trusts judges, not prison guards, to oversee litigation.

The Inmate Discipline Program violates the First Amendment as applied to Hansmeier's petitioning activity.

b. Defendants are retaliating against Hansmeier in violation of his First Amendment rights.

To establish retaliation in violation of First Amendment rights, Hansmeier must show that Defendants took adverse action against Hansmeier that would chill a person of ordinary firmness based at least in part on Hansmeier's participation in a protected activity. Santiago v. Blair, 707 F.3d 984, 991 (8th Cir. 2013). The charges Defendants leveled against Hansmeier, which were written by the Defendants and signed by them, establish all of the elements of this test. Defendants subjected Hansmeier to a sensory deprivation cell for five months, attempted to give him extra prison time, and attempted to have him transferred to a prison where he would be isolated from his friends and family — all because Hansmeier was petitioning the courts for relief. Hansmeier's First Amendment rights are being violated.

### 2. Other Factors (Preliminary Injunction).

"When a plaintiff has shown a likely violation of his or her First Amendment rights, the other requirements for obtaining a preliminary injunction are generally deemed to have been satisfied." Minnesota Citizens Concerned for Life, Inc. v. Swanson, 692 F.3d 864, 870 (8th Cir. 2012) (en banc). Because Hansmeier has shown a likely violation of his First Amendment rights, he meets his burden for obtaining a preliminary injunction.

### C. Requested Relief.

Hansmeier asks the Court to transfer him to home confinement. There, Defendants would have sufficient difficulty retaliating against or interfering with Hansmeier on account of his petitioning activity that Hansmeier would no longer be experiencing the chill that he is now. Moreover, Defendants would not be subject to external pressures — e.g., Hansmeier served the U.S. Attorney with 11 complaints on June 1, 2021 and was subject to retaliation starting the next day — if Hansmeier was on home confinement versus in an environment where such a call could cause the results that happened here.

### IV. Conclusion.

The Court should grant this motion.

Dated August 8, 2022

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072