RECEIVED BY MAIL AUG 15 2022 CLERK U.S. DISTRICT COURT MINNEAPOLIS, MINNESOTA

SCANNED AUG 15 2022 U.S. DISTRICT COURT MPLS

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul Hansmeier, Plaintiff, v. Jeffrey Fikes, et al., Defendants. | 21-cv-1979 (PAM/DTS) Rule 56(d) Declaration of Paul Hansmeier |

Federal Rule of Civil Procedure 56(d) provides that if a nonmovant can show by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may issue an appropriate order, including by deferring or denying a motion or allowing for discovery on the disputed issue.

The official capacity defendants (but not the individual capacity defendants) have moved for summary judgment based on the affirmative defense that Hansmeier failed to exhaust his administrative remedies. Hansmeier, in response, showed that the exhaustion requirement did not apply to his non-"prison condition" claims and that administrative remedies were unavailable because the logistical neccessities of submitting administrative remedies were not provided to administrative detainees and because certain of Hansmeier's administrative remedies would have been a "dead end." The official capacity defendants, in their motion, noted that Hansmeier did not allege that administrative remedies were unavailable due to a deliberate effort by Sandstone employees to deny administrative detainees access

to administrative remedies.

It is true that Hansmeier's amended complaint does not affirmatively allege that defendants "machinated" to deny him access to the administrative remedy process — though it is equally true that Hansmeier was under no obligation to anticipate and rebut defendants' affirmative defenses in his amended complaint. In any event, to the extent the Court rejects Hansmeier's showings that the administrative exhaustion requirement did not apply to certain of his claims and was "unavailable" due to officials' refusal to provide logistical necessities for the administrative remedy process and the "dead end" nature of his requests, then Hansmeier would ask the Court to defer or deny defendants' motion for summary judgment to allow Hansmeier to take discovery to oppose defendants' motion for summary judgment — which, it should be noted, was filed before the parties' Rule 26(f) discovery conference.

In support of this request, Hansmeier states as follows:

1. I am the plaintiff in this action and am competent to testify as to matters discussed herein.

2. To date, I have not had an opportunity to take discovery in this case.

3. Defendants (or at least the official capacity defendants) have asserted the affirmative defense that failed to exhaust my administrative remedies.

4. I am unable to fully oppose defendants' motion for summary judgment without the aid of discovery.

5. As an initial matter, I believe I fully (or substantially) complied with my administrative remedy exhaustion obligations under the law. The reason I have this belief is because I spent a significant portion of my time while sitting in my administrative detention experience exhausting (and reexhausting) my administrative remedies. In the frequent case when my request for an appropriate form was rejected or ignored, I submitted my request on notebook paper like the paper this document is being submitted on.

6. Defendants' claim that I did not fully exhaust is inconsistent with my recollection. For example, the evidence submitted by defendants does not contain all of the remedies I submitted. Defendants' evidence does not include any of my BP-8's, it contains only one of the many remedies I submitted on notebook paper and it is missing at least one BP-9 that I submitted on an official form. With the aid of discovery, I will be able to present the Court with the the forms I submitted, but which the defendants did not attach as evidence to their motion.

7. Alternatively, discovery is neccessary to investigate and substantiate a claim that defendants deliberately denied me access to the administrative process while I was subject to administrative ~~process~~ detention. My experience in administrative detention was consistent with circumstances in which defendants either deliberately denied me and other administrative detainees access to necessary forms and other logistical neccessities required to complete the

administrative remedy process in a conventional manner. However, my subjective beliefs about what was happening behind the scenes while I was unlawfully administratively detained is not a substitute for the information this Court needs to consider the issue. Defendants have presented no evidence that this did not happen. Hansmeier requires discovery in the form of ~~email~~ document requests and requests for sworn statements from key staff members — including officers who ran and worked the SHU when Hansmeier was illegally detained there — to ferret out an explanation from defendants for why Hansmeier was denied access to these logistical necessities that are ordinarily provided to inmates, but were not in Hansmeier's circumstances.

I swear under the penalty of perjury that the foregoing is true to the best of my knowledge, information and belief.

Dated: August 10, 2022

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072