RECEIVED BY MAIL SEP 16 2022 CLERK U.S. DISTRICT COURT MINNEAPOLIS, MINNESOTA

SCANNED SEP 19 2022 U.S. DISTRICT COURT MPLS

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Paul Hansmeier,
  Plaintiff,

v.

Jeffrey Fikes, et al.,
  Defendants.

21-cv-1979 (PAM/DTS)

Second Supplement in Support of Motion for a Preliminary Injunction or for Summary Judgment

Plaintiff Paul Hansmeier respectfully submits this second supplement in support of his motion for a preliminary injunction or for summary judgment. As is detailed in Hansmeier's near-contemporaneously filed motion for sanctions, Defendants have resorted to naked retaliation against Hansmeier for his filing of administrative remedies. Specifically, at Defendants' counsel's urging, Hansmeier began re-exhausting his administrative remedies. Like clockwork, within two weeks Hansmeier received the first incident report he received since the last time Hansmeier was retaliated against. The incident report was frivolous, petty and based on fraudulent information; it was thrown out at the hearing. In light of Defendants' in-everyone's-face resort to illegal retaliation, Hansmeier's position on Defendants' administrative exhaustion "failure to exhaust" has been updated. A complete statement of Hansmeier's position is as follows:

1. Several of Hansmeier's claims are not covered by an exhaustion requirement. Hansmeier is required to exhaust remedies only to the extent his claims arise from prison conditions. A constitutional challenge to a federal regulation is not a claim arising from a prison condition.

2. To the extent that Hansmeier's claims arise from incident reports that

Hansmeier prevailed against, then Hansmeier's claims are exhausted. Having prevailed, there is nothing for Hansmeier to appeal through the administrative remedy process.

3. Hansmeier's claims are fully exhausted insofar as Hansmeier repeatedly filed BP-8's through 11's —often on notebook paper due to the unavailability of forms— about his circumstances in this case.

4. To the extent that those remedy forms were not recorded or accepted because they were not filed on official forms, then the administrative remedy process was unavailable to Hansmeier because Sandstone officials withheld official forms from him.

5. Administrative remedies were unavailable for the additional reason that Sandstone officials denied Hansmeier the logistical necessities for completing remedies that would be accepted, including adequate writing instruments, access to a copier and access to legal materials that were required attachments.

6. Administrative remedies were unavailable for the additional reason that BOP officials are not authorized to declare that a federal regulation violates the First Amendment and there was thus nothing defendants could or would provide in response to an administrative remedy.

7. Administrative remedies were unavailable for the additional reason that inmates face retaliation at Sandstone for filing administrative remedies in the form of fraudulent incident reports that expose them to lengthier sentences.

8. Hansmeier incorporates any administrative remedy argument referenced earlier in these proceedings that is not specifically mentioned herein.

Dated: September 13, 2022

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072