UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 21-CV-1979 (PAM/DTS)

| | |
|---|---|
| PAUL HANSMEIER,<br><br>  Plaintiff,<br><br>v.<br><br>JEFFREY FIKES, OFFICER DAWSON, OFFICER MORTENSON, and MICHAEL CARVAJAL,<br><br>  Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION OR FOR SUMMARY JUDGMENT AND MOTION FOR SANCTIONS** |

## Introduction

Defendants Jeffrey Fikes, Officer Dawson, Officer Mortenson, and Michael Carvajal ("Federal Defendants"), sued in their official capacities, submit this response in opposition to plaintiff Paul Hansmeier's Motion for Preliminary Injunction or for Summary Judgment (Doc. 60) and Motion for Sanctions Pursuant to the Court's Inherent Authority (Doc. 66). Hansmeier attempts to impermissibly amend his pleading and burden the Court with duplicative meritless filings. The motions should be denied, and in the interest of judicial economy, the Court should require that all parties obtain leave before filing additional materials prior to the Court's consideration of the pending Report and Recommendation ("R&R"), Doc. 65, in this matter.

## Argument

**I. Motion for Preliminary Injunction or for Summary Judgment Should be Denied.**

Hansmeier[1] filed a "Motion for Preliminary Injunction or for Summary Judgment" on August 11, 2022, Doc. 60, the same date that the Federal Defendants submitted their reply in support of their dispositive motion. The Court has since issued its R&R recommending that the Federal Defendants' motion be granted, and Hansmeier's claims be dismissed without prejudice. Doc. 65. Portions of this motion repeat Hansmeier's position in this and his other previously dismissed cases.[2] Hansmeier also attempts to amend his Amended Complaint by attaching to his brief an exhibit purporting to add eleven paragraphs to the operative pleading. The Court should reject these efforts.

Hansmeier is not entitled to a preliminary injunction, which is warranted only upon a proper showing of (1) the probability of success on the merits, (2) irreparable harm absent the injunction, (3) the balance of harms, and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 112 (8th Cir. 1981). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* (emphasis added). The movant

---

[1] As argued elsewhere, though Hansmeier proceeds *pro se*, he is not entitled to the liberal pleading standard typically extended to such litigants. *Garcia v. Bank of America, N.A.*, No. 13 C 383 (DWF/LIB), 2014 WL 5685518, *1 n.2 (D. Minn. Feb. 5, 2014) (declining to liberally construe filings of disbarred attorney); *see also Hansmeier v. MacLaughlin, et al.*, No. 21 C 1167 (JRT/LIB), 2022 WL 748484, *3 (D. Minn. Mar. 11, 2022) (declining to extend less stringent standard to Hansmeier). The Court should not liberally construe the pending motions.

[2] The Federal Defendants do not restate all arguments made in their brief in support of their Motion to Dismiss and/or for Summary Judgment, Defs.' Mem. in Support of Motion to Dismiss and/or for Summary Judgment, Doc. 54 (D. Minn. filed June 3, 2022), and in the interest of brevity they incorporate their arguments herein by reference.

bears the burden of proof. *Gelco Corp. v. Coniston Partners, et al.*, 811 F.2d 414, 418 (8th Cir. 1987). A preliminary injunction "cannot issue if the movant fails to demonstrate a likelihood of success on the merits." *Swanson v. Wilford, Geske & Cook, et al.*, No. 19 C 117 (DWF/LIB), 2019 WL 831119, at *2 (D. Minn. Jan. 29, 2019), *report and recommendation adopted*, 2019 WL 830519 (D. Minn. Feb. 21, 2019).

Here, Hansmeier insists that because he "has shown a likely violation of his First Amendment rights, he meets his burden for obtaining a preliminary injunction." Mem. and Decl. in Support of Motion for a Preliminary Injunction or for Summary Judgment, Doc. 61 at 8 (D. Minn. filed Aug. 11, 2022) ("Pl. Br.") (citing *Minn. Citizens Concerned for Life, Inc. v. Swanson*, 692 F.3d 864, 870 (8th Cir. 2012) (en banc). The Court has issued an R&R recommending dismissal without prejudice due to Hansmeier's failure to exhaust, however; for this reason alone, there is not a likelihood that Hansmeier will succeed on the merits in this matter, nor is it correct that he has shown a likely violation for all the reasons previously argued by the Federal Defendants. Nor does Hansmeier carry his burden to show the remaining requirements warrant preliminary injunctive relief here. A preliminary injunction is not warranted.

Likewise, Hansmeier is not entitled to summary judgment. For one thing, Hansmeier's exhibit purporting to add 11 paragraphs to his Amended Complaint is improper. Exhibit, Pl. Br., Doc. 62 (D. Minn. filed Aug. 11, 2022). Hansmeier has not filed a motion for leave to amend his Amended Complaint as would be required by Fed. R. Civ. P. 15(a)(2), and it is well-settled that a plaintiff may not amend the pleading in a brief. *E.g.*, *Morgan Dist. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989).

Hansmeier does attach a Rule 56(d) declaration to his brief, Doc. 63, and he includes in his attempted amendment a paragraph that arguably satisfies the standard applicable to unsworn declarations, 28 U.S.C. § 1746. But even if the Court construes the attempted amendment as an unsworn declaration in support of Hansmeier's motion for summary judgment, along with the Rule 56(d) declaration, and considers the information contained therein, summary judgment in Hansmeier's favor is not warranted.

As previously argued, Hansmeier's claims fail to state a claim upon which relief can be granted or warrant summary judgment in favor of the Federal Defendants for a variety of reasons. Defs.' Mem. in Support of Motion to Dismiss and/or for Summary Judgment, Doc. 54 (D. Minn. filed June 3, 2022) ("Defs. Br."). Among other deficiencies, Hansmeier has failed to exhaust administrative remedies in advance of suit as required. *Id.* 12-16, 21-24. He offers no authority for the proposition that a claim otherwise requiring exhaustion need not be exhausted if it is based on a certain disposition of incident report. Second Supp. in Support of Motion for a Prelim. Injunction or for Summary Judgment, Doc. 70 ¶ 2 (D. Minn. filed Sept. 16, 2022) ("Second Supp."). Similarly, the Federal Defendants' previously argued that Hansmeier's pleaded "reasonable fear of being ~~prosecuted~~ subject to disciplinary sanctions and other adverse actions," *id.* at 20 (quoting Am. Compl. ¶ 49) (strikethrough in original), does not satisfy the standard requiring that "threats of prosecution . . . cannot be characterized as imaginary or speculative." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974). Indeed, Hansmeier's attempted amendment to his Amended Complaint supports that such a threat was not actual, as he specifically concedes that any alleged request by the Federal Defendants to prosecute him "was denied." Exhibit, Pl. Br.,

4

Doc. 62 ¶ 55 (D. Minn. filed Aug. 11, 2022). As the Court has already observed in the R&R, Hansmeier's failure to exhaust is not excused; in an effort to survive summary judgment, Hansmeier offers supplemental affidavits that contradict the Amended Complaint. *Compare* Am. Compl. ¶ 26 (noting access to "necessities" but alleging lack of "simultaneous access"), *with* Second Supp. ¶ 5 (alleging he was "denied . . . the logistical necessities"). But Hansmeier again declines to offer any factual content sufficient to create a genuine issue of material facts, such as the dates of his alleged submissions, their content, or other relevant information. Second Supp. *passim*; Pl. R. 56(d) Decl. *passim*. *FDIC v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997) ("Mere arguments or allegations are insufficient to defeat a properly supported motion for summary judgment; a nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial") (internal citation and quotation marks omitted). Further, Hansmeier makes no suggestion in his motions or their supporting materials that he has exhausted or been unable to exhaust administrative remedies relating to the litany of additional allegations and claims he newly articulates. *See, e.g., id.* ¶ 63 (alleging retaliation where officer "discourage[d] Hansmeier's roommate from living with him"); Memorandum in Support of Motion for Sanctions, Doc. 67 (D. Minn. Sept. 14, 2022) (including new allegations relating to incident report arising out of activity on August 27, 2022, relating to a facility visit by his wife). Hansmeier's motion for summary judgment should be denied.

Hansmeier tries to survive summary judgment by attaching a declaration pursuant to Fed. R. Civ. P. 56(d). Rule 56(d) provides that the court may defer or deny a motion,

allow time for discovery or affidavits, or issue any other order where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." It warrants mention that Hansmeier has submitted this declaration along with his own dispositive motion; he is therefore not the "nonmovant." He declined to submit this—or indeed, any supporting affidavits, declarations, or exhibits—when he opposed the Federal Defendants' motion. Pl. Opp'n to Defs.' Motion to Dismiss and/or for Summary Judgment, Doc. 58 (D. Minn. filed July 28, 2022).

Even if the Court were to consider this declaration, however, it does not warrant deferring consideration of the Federal Defendants' motion or its denial. A district court has "wide discretion" in ruling on a Rule 56(d) motion. *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014). Hansmeier, as the party seeking discovery, must demonstrate the following: that he has (1) "set forth in affidavit form the specific facts that [he] hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion." *Id.* (internal citation and quotation marks omitted). The affidavit offered here, however, does not "describe what specific facts are sought" and has therefore "not specified how the desired evidence is 'essential to justify [his] opposition'" as required by Rule 56(d). *Russell v. Anderson*, No. 17 C 3085, 2019 WL 3650029, *2 (D. Neb. Aug. 1, 2018) (alteration in original). For example, the declaration contains no suggestion of the dates, volume, specific content, or other circumstances relating to the discovery Hansmeier seeks to undertake. Hansmeier's declaration references BP-8s and "at least one BP-9," but does not detail what each specifically related to, what date he believes he submitted them

6

on, the manner in which he alleges to have submitted each, or other relevant specific information.  Likewise, Hansmeier's other submissions lack the requisite specific content. *See, e.g.*, Second Supp. *passim*. Hansmeier also urges the Court to allow him to take discovery relating to his failure to administratively exhaust, but again does not provide sufficiently specific information.  *See Penn v. United States*, No. 10 C 1145, 2012 WL 3555302, *6 (E.D. Ark. Aug. 16, 2012) (requiring "specific facts" in the Rule 56(d) motion).  To the contrary, he seeks to delay summary judgment in order to "ferret out an explanation," Rule 56(d) Declaration of Paul Hansmeier, Doc. 63 ¶ 7 (D. Minn. filed Aug. 15, 2022),  which is not sufficient under Rule 56(d).  *Payton v. City of Saint Louis*, No. 20 C 861, 2021 WL 1222427, *2 (E.D. Mo. Mar. 31, 2021) ("A party cannot simply set forth some facts [he] hope[s] to elicit from further discovery.") (second alteration in original) (internal citation and quotation marks omitted).  When a party fails to carry its burden under Rule 56(d), "postponement of a ruling on a motion for summary judgment is unjustified." *Willmar Poultry Co. v. Morton-Norwich Prods., Inc.*, 520 F.2d 289, 297 (8th Cir. 1975), *cert. denied*, 424 U.S. 915 (1976).  The request to delay summary judgment should be denied.

**II.   Motion for Sanctions Pursuant to the Court's Inherent Authority is Without Merit.**

Hansmeier has also filed a motion for "the sanction of default and whatever other relief the Court deems just and equitable." Pl. Motion for Sanctions, Doc. 66 (D. Minn. filed Sept. 14, 2022). The motion should be denied.

As a threshold matter, it does not appear from the motion, memorandum, or supporting materials that Hansmeier filed this motion in compliance with the requirements of Local Rule 7.1(a). In addition, to the extent Hansmeier seeks sanctions pursuant to Fed. R. Civ. P. 11, he failed to comply with the requirements of that rule. *See* Fed. R. Civ. P. 11(c)(2).

More importantly, the motion lacks merit. Hansmeier again seeks to effectively amend his operative pleading without obtaining leave of Court as required under Fed. R. Civ. P. 15(a)(2). The unalleged, newly-described conduct is attributed to a Bureau of Prisons employee not mentioned in the Amended Complaint. Hansmeier argues, "Officer Thompson may not be a defendant in this case, but the reasonable inference is that he was directed by the Defendants." Pl. Mem. in Support of Motion for Sanctions, Doc. 67 (D. Minn. filed Sept. 14, 2022) ("Pl. Sanctions Br."). Further, it is apparent from Hansmeier's argument that any complaint about the newly-described conduct has not been exhausted, and therefore could not support a claim for the same reasons already argued by the Federal Defendants and outlined in the R&R. Even if the Court were to consider the new unpleaded allegation against Officer Thompson, Hansmeier is legally incorrect in arguing that any temporal proximity of conduct to his protected activity "is dispositive." *Id.* at 2; *e.g.*

*Flowers v. City of Minneapolis, Minn.*, 558 F.3d 794, 800 (8th Cir. 2009) ("[E]vidence of temporal proximity alone is generally insufficient to raise a triable issue of material fact on retaliatory motive[.]"). The Court should not allow Hansmeier to amend his Amended Complaint in this fashion, and even upon consideration of this unpleaded information, the motion fails.

Furthermore, the Court should take judicial notice of Hansmeier's vexatious litigation conduct in this case. Indeed, such harassing and vexatious litigation behavior is not new to Hansmeier and has already occasioned a filing restriction in this District. *See Hansmeier v. MacLaughlin, et al.*, No. 21 C 1167, 2022 WL 748484, *7 (D. Minn. Mar. 11, 2022) ("Hansmeier's insistence on filing numerous lawsuits on identical issues in the hopes of reaching a different outcome can only be described as frivolous and duplicative if not, arguable, harassing and abusive."). The docket in this matter reflects that Hansmeier has peppered the Court with numerous duplicative submissions filed in piecemeal fashion, rendering efficient motion practice by the parties in this case nearly impossible. In light of such conduct, and in fairness to all parties in this case and in other cases in which the Court's resources are needed, the Court should consider entering an order providing that all parties are allowed to file motions or other materials in this matter only with advance leave of the Court. Such an approach would not prejudice any party and would serve the interest of judicial economy.

## Conclusion

For the foregoing reasons, the Court should deny Hansmeier's motions (Docs. 60, 66) and, in advance of the Court's consideration of the pending R&R (Doc. 65), the Court should allow further filings in this matter from the parties only with prior leave of Court.

Respectfully submitted,

Dated: September 19, 2022

ANDREW M. LUGER
United States Attorney

*s/ Kristen E. Rau*

BY: KRISTEN E. RAU
Assistant U.S. Attorney
Attorney ID No. 0397907
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Kristen.Rau@usdoj.gov
(612) 759-3180

*Attorneys for the Federal Defendants*