UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul Hansmeier, <br> Plaintiff, <br> v. <br> Jeffrey Fikes, et al., <br> Defendants. | 21-cv-1979 (PAM/DTS) <br><br> OBJECTION TO THE REPORT AND RECOMMENDATION |

The Magistrate Judge recommended dismissal of Hansmeier's claims without prejudice based on his conclusion that Hansmeier failed to exhaust all available administrative remedies. The basis for this objection is that the report and recommendation overlooked critical record evidence and points of law. Had this evidence and these points been properly considered, then the official capacity defendants' motion for summary judgment would have been denied. The Court should thus sustain this objection.

I. Introduction.

The official capacity defendants should give serious consideration to waiving the "failure to exhaust" affirmative defense. At their suggestion, Hansmeier began the process of re-exhausting his administrative remedies. See Supplemental Affidavit of Paul Hansmeier, Dkt. 64, Exhibit A. The Bureau of Prisons has not responded to these forms, which ends the exhaustion process. Foulk v. Charrier, 262 F.3d 687, 697-98 (8th Cir. 2001) (holding that district court lacked

a sufficient factual basis to find that inmate had failed to exhaust his administrative remedies when prison officials had refused to respond to his informal resolution request that he completed to satisfy the requirements of the first part of the prison's three-part grievance process).

Moreover, like clockwork, prison officials retaliated against Hansmeier for filing the Form BP-8s by writing Hansmeier a frivolous and fraudulent incident report — i.e., the first incident report Hansmeier has received since the last time that prison officials retaliated against him. The incident report was so deficient that it was immediately thrown out — though its mere issuance exposed Hansmeier to a lengthier term of imprisonment. Defendants' resort to such conduct renders the administrative remedy process "unavailable" — inmates are not required to serve longer sentences just to be able to use the administrative remedy process.

In light of the foregoing, Hansmeier hopes that the official capacity defendants will do the right thing and waive this now-wasteful defense. Until they do, the Court must wrestle with the issues presented by the report and recommendation's analysis of the exhaustion issue. Because the report and recommendation does not take into account the evidence submitted by Hansmeier, because the report and recommendation overlooks critical points of law and because new developments override the report and recommendation, the Court should sustain Hansmeier's objections.

## II. Argument.

The report and recommendation is premised on an erroneous understanding of the record, overlooks Hansmeier's evidence and misses key points of law.

### A. The report and recommendation is premised on an erroneous understanding of the record.

Hansmeier objects to the following findings of fact for the reasons specified below.

"In 2018, Hansmeier pled guilty ... for creating a plan to fraudulently obtain settlements in copyright lawsuits." Dkt. 65 at 1. In fact, Hansmeier entered into a conditional guilty plea, in which Hansmeier admitted to a subset of the facts in the indictment, but preserved his ability to challenge whether the charged conduct is even a crime. Though over a half decade has passed since he was charged, Hansmeier has yet to receive a ruling on the core issues with the government's theory of fraud, including that the theory of fraud lacks the requisite "intent to harm" required by the Eighth Circuit's decision in Jain, that litigation activity is categorically outside the scope of the mail-wire fraud statutes per the Eighth Circuit's decision in I.S. Joseph and that because all the indictment alleges is a plan to enforce copyrights, ala Olan Mills, Inc., the copyright enforcement activity is squarely protected by the First Amendment. The Court may take judicial notice of Hansmeier's district court and appellate docket. Hansmeier's arguments are poised to be heard on 2255.

"Between September 2020 and May 2021, Hansmeier...[brought] suits styled as constitutional challenges to certain copyright enforcement statutes." Dkt. 65 at 1-2. In fact, Hansmeier's suits were constitutional challenges to the federal mail fraud, wire fraud and extortion statutes as applied to copyright enforcement activity (one lawsuit) and Americans With Disabilities Act enforcement activity (the other ten lawsuits). See, e.g., Hansmeier, 21-cv-1167 (D. Minn.)

"During this time...." Dkt. 65 at 3-4. The report and recommendation recitation of the facts surrounding Hansmeier's efforts to exhaust his administrative remedies ignores Hansmeier's evidence on this issue and is therefore incomplete. Hansmeier's evidence shows that he submitted BP-8's, BP-9's, BP-10's and BP-11's for every issue in his amended complaint. Dkt. 58 at ¶ 92(h); Dkt. 64 at ¶ 5. His evidence contains details of how the remedies were completed, the frequency with which they were completed, the responses Hansmeier received, the names of officers who were responsible for handling the remedies, the name of an inmate who was submitting remedies with Hansmeier from the SHU and other aspects of the process. Dkt. 58 at ¶ 92; Dkt. 64 at ¶ 5. The report and recommendation discusses the government's evidence, but omits Hansmeier's evidence that the government's evidence failed to disclose the entire body of administrative remedies Hansmeier submitted. Correctly presented, the report and recommendation would have summarized Hansmeier's evidence in support of his assertion that he completed his administrative remedies.

[Intentionally left blank]

B. The report and recommendation is associated with erroneous conclusions of law.

The constitutionality of a federal regulation is not a prison condition. If administrative remedies were available to Hansmeier, then Hansmeier exhausted his administrative remedies. If Hansmeier did not exhaust his remedies, then administrative remedies were not available to Hansmeier. Defendants' recent retaliation and the "dead end" nature of administrative remedies with respect to Hansmeier's First Amendment challenge to the Inmate Discipline Program are independent reasons why administrative remedies were unavailable to Hansmeier. The report and recommendation is erroneous to the extent it concludes otherwise.

1. The constitutionality of a federal regulation is not a prison condition.

The Prison Litigation Reform Act does not mandate administrative remedy exhaustion for every lawsuit filed by a prisoner; it only so requires for prisoner lawsuits related to prison conditions. 42 U.S.C. § 1997e(a). The report and recommendation does not cite another case in which a judge has held that a federal regulation's constitutionality is a prison condition. Rather, it just cites to cases that unquestionably arise from prison conditions, e.g., a § 1983 lawsuit arising from allegations of a staff assault.

Neither the plain text of the PLRA nor the purposes for its enactment support the report and recommendation's conclusion that the constitutionality of a federal statute is a prison condition. A "condition" of prison is something that relates to the quality of life in the prison environment, such as the lack of heating, unsafe

conditions or staff abuse. A lawsuit, for example, challenging the constitutionality of the federal mail fraud statute as applied to certain petitioning activity would not require PLRA exhaustion — even it was filed by a federal prisoner — because it would not arise from something the prisoner was experiencing in his prison environment; indeed, in his prior litigation efforts with the government, the government did not even argue that there was an exhaustion requirement for such a challenge. Hansmeier cannot imagine and the report and recommendation does not explain why the result should be any different for Hansmeier's constitutional challenge to the federal regulation at issue in this case.

Nor does the purpose behind the PLRA's exhaustion requirement bear on a constitutional challenge to a federal regulation. The PLRA's exhaustion requirement serves the courts by creating an administrative record and bringing administrative expertise to bear on an issue arising from administrative conditions. Because prison officials have no expertise in assessing the constitutionality of a federal statute, there is no record for them to create or insight for them to provide to the Court. This may be why Hansmeier received zero response to the administrative remedies he recently submitted to the Bureau of Prisons regarding this issue. The PLRA's purpose is not served by imposing an exhaustion requirement for a constitutional challenge to a federal regulation.

For these reasons, the Court should sustain Hansmeier's objection to the report and recommendation's conclusion of law on this point.

C. The report and recommendation overlooks the evidence that Hansmeier exhausted his administrative remedies.

The report and recommendation erroneously concludes that Hansmeier failed to exhaust his available administrative remedies. The source of the report and recommendation's error is its failure to consider Hansmeier's evidence at all. Had the report and recommendation considered Hansmeier's evidence, it would have concluded that, at a minimum, a genuine issue of material fact prevented summary judgment on the exhaustion issue.

As a threshold point, Hansmeier's administrative remedies with respect to his First Amendment claims should be considered exhausted because Hansmeier prevailed before the Disciplinary Hearing Officer against the official capacity defendants' attempt to impose disciplinary sanctions on Hansmeier based on the petitioning activity alleged in the amended complaint. The Disciplinary Hearing Officer agreed with Hansmeier's position that issues with Hansmeier's federal court litigation could and should be addressed by the district court judge presiding over the matter, and that the BOP did not have a role to play in the litigation. Hansmeier would have no reason to appeal this determination, because it is exactly the determination Hansmeier is seeking in this case.

Beyond this threshold point, at a minimum there is a ~~threshold que~~ genuine issue of material fact regarding Hansmeier's efforts to exhaust his administrative remedies. The report and recommendation's description of Hansmeier's efforts to exhaust his administrative remedies, Dkt. 65 at 13, consists of a single paragraph that examines whether the administrative remedies discussed in the official capacity

defendants' evidence were properly exhausted under the administrative remedy program. Yet, Hansmeier's evidence shows that defendants' evidence is an incomplete presentation of the remedies Hansmeier has submitted. Dkt. 58 at ¶ 92(d) and Dkt. 64 at ¶ 5. Moreover, Hansmeier's evidence details the steps Hansmeier took to exhaust his administrative remedies despite his lack of access to critical materials, such as proper forms. Dkt. 58 at ¶ 92(a)-(h); Dkt. 64 at ¶¶ 1-5. Specifically, Hansmeier's evidence shows that he repeatedly sent out BP-8's, BP-9's, BP-10's and BP-11's which were neither rejected nor responded to, with the latter point being critical because when the BOP does not respond to a form, the inmate may consider the form to be accepted but denied. Hansmeier's evidence details the who/what/where/when and why's of his submissions, witnesses to his submissions and other pertinent information. Hansmeier further submitted a Rule 56(d) declaration to probe the discrepancy between what the federal defendants have submitted and what Hansmeier's evidence shows. Regardless, there is a genuine issue of material fact over whether Hansmeier exhausted his remedies for his First Amendment claims; accordingly, the report and recommendation of summary judgment on this issue is erroneous.

### D. Administrative remedies were "unavailable" to Hansmeier within the meaning of the PLRA.

The report and recommendation erroneously concludes that administrative remedies were "available" to Hansmeier within the meaning of the PLRA.

First, administrative remedies were a simple "dead end" with respect

to Hansmeier's constitutional challenge to the Inmate Discipline Program. The Bureau of Prisons lacked authority to take any action in response to Hansmeier's complaint about the constitutionality of the Inmate Discipline Program. The report and recommendation concludes otherwise, suggesting that the BOP could "loosen restrictions on legal materials available while inmates are in the SHU if safe to do so...." Dkt 65 at 9. This example is startling. First, it is entirely conceptually disconnected from the substance of Hansmeier's challenge; what does access to legal materials have to do with whether a statute or regulation violates the First Amendment? Second, inmates already enjoy unqualified access to legal materials in the SHU — defendants violated Hansmeier's rights under BOP policy by denying him access to his materials. Third, it is hard to imagine the scenario in which the pieces of paper comprising legal materials could <u>ever</u> pose a safety concern. The mere suggestion that it could is dangerous and should be avoided. In any event, neither the report and recommendation nor the defendants can come up with a credible form of relief the BOP could offer Hansmeier on his constitutional claim. This is because the process was a simple dead end.

Second, prison officials thwarted Hansmeier's access to the administrative remedy program. To the extent defendants resist ~~this~~ Hansmeier's resort to notebook paper forms versus official forms, then the evidence shows that Hansmeier was forced to resort to notebook paper versus traditional forms because Hansmeier could not gain access to the forms he needed to fully exhaust all of his claims via traditional forms. Hansmeier does not mean to suggest that there was a nefarious plot to deny him access to traditional forms. Rather, from what he can gather, the person who was responsible for providing Hansmeier forms took an extended medical leave after suffering a near-lethal infection from

swimming in a Minnesota lake with an open wound/scratch on his leg. Thus all of Hansmeier's requests for forms went unanswered for an extended period of time. This was not a case of obtaining forms being "more difficult than [Hansmeier] would have liked," Dkt. 65 at 11, as the report and recommendation erroneously suggests; rather, it is a case of requests for forms going entirely unanswered for a great length of time. And, contrary to the report and recommendation, Hansmeier's evidence shows that Hansmeier did not have access to necessities at the same time and that this lack of of access doomed certain of Hansmeier's submissions. The Magistrate Judge may disagree with Hansmeier's evidence, but that is an issue for the factfinder, not summary judgment.

E. Hansmeier concedes the report and recommendation's disposition of his tort claims as to the United States.

Hansmeier does not object to the Magistrate Judge's recommendation for the dismissal of his tort claims without prejudice under the FTCA

F. The Court should not accept the report and recommendation's recommendation of dismissal of the individual capacity defendants.

The complaint and summons put the individual capacity defendants on notice that they are being sued. The Marshal service forms, in particular, specified that defendants were being sued in their personal capacity. Any challenges to Hansmeier's individual capacity claims must be made by those defendants. The official capacity defendants lack standing to challenge individual capacity claims.

IV. Other Considerations.

Administrative remedies have now been exhausted. They were unavailable for the additional reason that Hansmeier faced retaliation in the form of a lengthier prison sentence for attempting to use them. Defendants should waive the defense now that there is no colorable dispute that Hansmeier has re-exhausted his remedies so as to save everyone the burden of having to deal with another lawsuit that defendants would force Hansmeier to file out of an abundance of caution.

V. Conclusion.

The Court should sustain Hansmeier's objections to the report and recommendation.

Dated: September 28, 2022

Paul Hansmeier
20953-041 Unit F
P.O. Box 1000
Sandstone, MN 55072

I certify under the penalty of perjury that the foregoing document was placed in the prison mailbox on September 28, 2022 with prepaid first class postage.

Paul Hansmeier