UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RECEIVED BY MAIL
OCT 05 2022
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

Paul Hansmeier,
　　Plaintiff,

v.

Jeffrey Fikes, et al.,
　　Defendants.

Case No. 21-cv-1979 (PAM/DTS)

APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF PAUL HANSMEIER'S MOTION FOR SANCTIONS

　　The Court should reverse the Magistrate Judge's denial of Paul Hansmeier's motion for sanctions.

I. Background.

　　The official capacity defendants' primary defense to Hansmeier's claims is that Hansmeier failed to exhaust his administrative remedies. Hansmeier's position is that he exhausted his administrative remedies, but to the extent he did not, then administrative remedies were unavailable to him because he was denied the logistical neccessities of submitting remedies. In response to Hansmeier's position the official capacity defendants suggested that Hansmeier could begin re-exhausting his administrative remedies now that he was released from administrative detention and has access to the logistical neccessities. So Hansmeier did. As shown by the attachments to Hansmeier's supplemental declaration, Hansmeier filled out a series of Form BP-8's, which comprise the first step of exhausting administrative remedies.

In clockwork-like fashion, the defendants retaliated against Hansmeier. They had an officer approach Hansmeier, engage him in a conversation about a scheduled visit, and then turn around and write Hansmeier an incident report for lying. All of this happened within two weeks of Hansmeier submitting his form DP-8's.

The incident report was fraudulent. It contained demonstrable lies—lies which can be exposed as such by reference to objective sources of evidence. For example, the incident report alleged that Hansmeier approached the officer in order to scam the officer into allowing Hansmeier a visit on a day when Hansmeier did not have a visit. Video evidence, though, would show that the officer approached Hansmeier to engage him in conversation—a difference that undercuts the narrative advanced by the incident report.

Indeed, the incident report was so transparently fraudulent that it was thrown out. Disciplinary review officers know the difference between real incident reports and fraudulent, pretextual reports. Hansmeier is grateful that the system worked in this instance.

Fraudulent incident reports are an extraordinarily grave matter. Had the fraudulent incident report not been thrown out, Hansmeier would have faced prison time.

The fraudulent incident report was the first incident report Hansmeier has received since the last retaliatory incident report Hansmeier received, i.e. the incident reports described in Hansmeier's verified amended complaint.

Third, the official capacity defendants fault Hansmeier's sanctions motion for being an attempt to "effectively amend his operative pleading...." Hansmeier cannot imagine how the defendants reach this conclusion. For the sake of the avoidance of all doubt, Hansmeier's sanctions motion is directed towards addressing defendants' litigation misconduct, which does not require an amendment of his pleadings.

Fourth, the official capacity defendants fault Hansmeier for failing to exhaust his administrative remedies. Yet, defendants do not cite to an exhaustion requirement for motions to address litigation misconduct.

Fifth, the official capacity defendants resist Hansmeier's argument that the temporal proximity of defendants' retaliation is dispositive of the issue of whether defendants' retaliation was, in fact, retaliatory, citing to Flowers v. City of Minneapolis, 558 F.3d 794, 800 (8th Cir. 2009). Yet, the Eighth Circuit has not hesitated to find that "an inference of retaliatory motive" may be supported by "temporal proximity." Brower v. Runyon, 178 F.3d 1002, 1006 (8th Cir. 1999), though the circumstances must support the use of temporal proximity. Those circumstances are present here. Defendants have a documented history of retaliation, the temporal proximity was incredibly tight (two weeks), it followed the pattern of defendants' past retaliatory efforts, there was fraud in the incident report and Hansmeier was targeted. Those circumstances establish a presumption that defendants did not even attempt to rebut.

See also, Bassett v. City of Minneapolis, 211 F.3d 1097, 1105 (8th Cir. 1999) (reversing district court which found that temporal proximity alone was insufficient to establish causality).

For all of these reasons, defendants' challenges to Hansmeier's motion for sanctions fail.

C. In light of defendants' constructive default, the Court should grant Hansmeier's motion, including by ordering that Hansmeier be transferred to home confinement.

Defendants do not challenge any of the substantive points in Hansmeier's motion or offer a non-retaliatory reason for why Hansmeier was subjected to a fraudulent incident report. Nor do defendants challenge Hansmeier's assertion that transfer to home confinement is the appropriate remedy under the circumstances. Defendants have effectively defaulted on Hansmeier's motion, giving the Court wide latitude to grant Hansmeier's motion and fashion an appropriate remedy.

Defendants' failure to offer a non-retaliatory motive is particularly notable. In circumstances involving retaliation, the person claiming retaliation must make a prima facie showing of retaliation. The person accused of retaliation must then offer a plausible non-retaliatory reason for the allegedly retaliatory event. Hansmeier met his burden. Defendants have not met theirs.

For all of the reasons set forth in Hansmeier's motion for sanctions, the most sensible, narrowly-tailored resolution/remedial sanction is ordering Hansmeier transferred to home confinement. By ordering Hansmeier to walk around in society in Woodbury, MN versus doing the same in

next day the Magistrate Judge issued a summary denial. The denial contained no findings of fact or conclusions of law.

II. Argument.

The Magistrate Judge erred by failing to follow the requirements for a report and recommendation. The official capacity defendants have offered no credible reason why Hansmeier's motion should be denied. In light of the defendants' constructive default, the Court should grant Hansmeier's motion.

A. The Magistrate Judge erred by failing to follow the requirements for a report and recommendation.

Hansmeier's motion was brought pursuant to the Court's inherent authority, which it derives from Article III of the Constitution. Magistrate judges are not Article III officers, so they may not exercise the inherent authority of federal judges; rather, they must, at most, issue reports and recommendations to the district court for how the district court should exercise its inherent authority. See, e.g., AF Holdings LLC v. Roeum Hean, No. 12-cv-1449 (JNE/FLN) (D. Minn. Mar. 27, 2014) (reversing magistrate judge's attempted exercise of the inherent Article III power).

Here, the Magistrate Judge failed to offer the findings of fact and conclusions of law consistent with a report and recommendation. Instead, the summary denial lacked all of those elements. Accordingly, the reasonable conclusion is that the Magistrate Judge exceed his authority by exercising the Article III power

versus recommending how it be exercised. The Court should vacate the Magistrate Judge's order summarily denying Hansmeier's motion for sanctions and either conduct a de novo review or order that a report and recommendation be issued.

B. The official capacity defendants have not offered a valid reason for denial.

The official capacity defendants offer a variety of defenses which can be quickly addressed because they are erroneous or irrelevant.

First, the defendants fault Hansmeier for failing to follow the requirements of Local Rule 7.1(a), which requires a meet and confer. What counsel conceals from the Court is that she has repeatedly represented to other judges in this district that it is not possible to meet and confer with Hansmeier due to Hansmeier's incarcerated status. Moreover, Hansmeier is quite limited in his outgoing communication ability. If the Court transfers Hansmeier to home confinement, as is requested by this motion, then Hansmeier represents that he will have far greater ability to strictly follow this Court's Local Rules. The Court should reject this challenge because Hansmeier's incarcerated status makes a meet and confer impracticable.\*

Second, the official capacity defendants fault Hansmeier for failing to follow the requirements of Federal Rule of Civil Procedure 11(c)(2). Hansmeier's motion is not brought under Rule 11, so this argument is irrelevant.

---

\* Hansmeier will send defendants' counsel a letter to learn if counsel agrees to any of the relief sought in his motion.

Based on the obvious nexus between defendants' actions and Hansmeier's efforts — obvious, at least, to anyone with meaningful experience in the federal Bureau of Prisons — Hansmeier filed a motion asking the Court to impose sanctions on defendants under its inherent authority. Defendants' actions can be analogized to attorneys at Lindquist & Vennum planting cocaine on their opposing counsel from Briggs & Morgan in order to gain a litigation advantage — or, to use another example, the husband in a divorce proceeding falsely telling the police that his wife was abusing their children. In either example, a potent remedial sanction would be warranted. The Court's inherent authority is necessary to address such circumstances because the Federal Rules of Civil Procedure and other authorities governing litigation conduct do not contemplate these sorts of underhanded tactics.

In response, Defendants do not deny (much less offer counter evidence) to Hansmeier's core substantive points. Defendants do not deny: (1) that Hansmeier received an incident report in retaliation for submitting administrative remedies; (2) that they were responsible for the retaliation; (3) that the incident report was fraudulent; (4) that their conduct violated Title 18's prohibitions on obstruction of justice; or (5) any other material aspect of Hansmeier's position. Instead, Defendants offer a series hypertechnical arguments which are either erroneous or irrelevant (or sometimes both). In short, Defendants do not deny that they attempted to give Hansmeier extra prison time in order to gain a litigation advantage over Hansmeier. Defendants' arguments fail for the reasons argued below.

The defendants filed their response on September 19, 2022, and the

Sandstone, MN, the Court will be doing the defendants a great service, as it will eliminate — indeed, prevent them — from engaging in further violations of Hansmeier's constitutional rights, thus mooting all current and future claims Hansmeier has regarding these issues. That the defendants may so significantly benefit from Hansmeier's proposed sanction is perhaps one reason why the defendants constructively defaulted on Hansmeier's motion for sanctions.

Dated: October 2, 2022

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

I certify under the penalty of perjury that I deposited the foregoing in the prison mailbox on October 2, 2022, first class postage prepaid.

Paul Hansmeier