UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul Hansmeier,<br>　　Plaintiff,<br><br>v.<br><br>Jeffrey Fikes, et al.,<br>　　Defendants. | Case No. 21-cv-1979 (PAM/DTS)<br><br>REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION OR FOR SUMMARY JUDGMENT |

　　The Court should grant Plaintiff Paul Hansmeier's motion for a preliminary injunction or for summary judgment. Though the Magistrate Judge has recommended dismissal of Hansmeier's claims without prejudice for failure to exhaust administrative remedies, he did so before briefing closed on Hansmeier's motions. As such, the report and recommendation does not address the record evidence and points of law highlighted in this reply.

I. The Court should grant Hansmeier's motion for a preliminary injunction.

　　The Court should grant Hansmeier's motion for a preliminary injunction because Hansmeier has demonstrated a strong likelihood of success on the merits and all of the other Dataphase factors weigh in Hansmeier's favor.

　　Under Bruen v. New York State Rifle and Pistol Ass'n, 597 U.S. ___ (2022), Hansmeier bears the initial burden of showing that his activity is protected by the plain text of an enumerated right. He has

done so here by identifying the First Amendment's Petition Clause, whose plain text protects Hansmeier's petitioning activity at issue in this case. The burden then shifts to the government to show that its restrictions on that activity — here, the Inmate Discipline Program — is consistent with the Nation's historical tradition of regulating that conduct. The defendants have made no attempt to meet their burden here, so they have effectively defaulted on the argument.

Perhaps this is because common sense says that we cannot have prison guards deciding federal claims. Rather, we need federal judges — with their learning, experience, and structural protections from political influence — deciding case and controversies — or, as Chief Justice Marshall so famously put it, saying what the law is. This base understanding of civics and our governmental structure is so fundamental that it is the reason why the neutral administrative hearing officer dismissed defendants' charges that they filed against Hansmeier; the hearing officer concluded that the courts could handle Hansmeier's claims without defendants' assistance.

The only real challenge that defendants offer against Hansmeier's showing of likelihood of success on the merits is their reference to the Magistrate Judge's report and recommendation, which recommended dismissal of Hansmeier's First Amendment claims on the grounds of failure to exhaust administrative remedies. Hansmeier's objection is on file and, for the reasons stated therein, the Court should not follow the Magistrate Judge's recommendation.

Two points bear highlighting. First, the focus of Hansmeier's motion

for a preliminary injunction is his First Amendment challenge to the Inmate Discipline Program — versus any of his his other claims.

Neither the defendants nor the report and recommendation provide authority for the proposition that there is an administrative remedy exhaustion requirement for constitutional challenges to federal regulations. Nor does anyone provide authority for the proposition that there is an administrative remedy exhaustion requirement after one prevails before an administrative hearing officer; the BOP has offerred its administrative expertise and is advising the Court to grant Hansmeier's motion.

For all of these reasons, Hansmeier has established a likelihood of success on the merits. The defendants do not challenge that the remaining Dataphase factors weigh in Hansmeier's favor.

II. The Court should grant Hansmeier summary judgment on his First Amendment challenge to the Inmate Discipline Program.

For all of the reasons why a preliminary injunction is warranted, so too is summary judgment on Hansmeier's challenge to the Inmate Discipline Program.

III. Conclusion.

The Court should grant Hansmeier's motion.

October 3, 2022

Paul Hansmeier
20953-041 Unit F
P.O. Box 1000
Sandstone, MN 55072