UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul Hansmeier, | Civ. No. 21-1979 (PAM/DTS) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Jeffrey Fikes, Officer Dawson, Officer Mortenson, and Michael Carvajal, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate David T. Schultz dated September 30, 2022. (Docket No. 65.) The R&R recommends granting Defendants' Motion for Summary Judgment and dismissing Plaintiff Paul Hansmeier's Amended Complaint without prejudice.

This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). Hansmeier filed timely objections to the R&R. (Docket No. 73.) After conducting the required review and for the following reasons, the Court adopts the R&R.

The full background is set forth in the R&R and the Court need not revisit it here. Hansmeier first contends the R&R misconstrues the record and raises several arguments to that end. Hansmeier takes issue with the R&R's characterization of his guilty plea, arguing that the R&R does not explain that the plea was conditional. This argument fails to comprehend that Hansmeier has been convicted and sentenced to the crimes of which he was accused. This objection is without merit. Hansmeier also contends that the other civil

lawsuits that he has filed are not challenging copyright-enforcement statutes, as the R&R described, but rather challenge various federal criminal laws. This argument has no bearing on the R&R's conclusions and to the extent that it presents any objection to the R&R, the objection fails.

Further, Hansmeier's objects to the R&R's "erroneous conclusions of law." (Pl.'s Obj. (Docket No. 73) at 5.) Specifically, he argues that the administrative exhaustion requirements of the Prison Litigation Reform Act ("PLRA") do not apply to his claims, because he is challenging the constitutionality of a federal regulation, not a prison condition. While Hansmeier disagrees with the R&R's conclusions on this issue, he provides no authority opposing the R&R's well-reasoned analysis of the PLRA's application in this case. This objection is without merit.

Hansmeier raises various objections regarding his administrative remedies. He contends that the R&R ignored evidence that he submitted, which ostensibly shows that he exhausted his administrative remedies. However, the Magistrate Judge examined the evidence, and the R&R explains that various administrative forms Hansmeier submitted were procedurally rejected. (R&R at 13.) Hansmeier also contends that administrative remedies were "unavailable" to him under the PLRA, because the Bureau of Prisons did not have authority to address the constitutionality of the inmate discipline program and that the R&R does not "come up with a credible form of relief the BOP could offer Hansmeier on his constitutional claim." (Pl.'s Obj. at 8, 9.) Additionally, Hansmeier contends that prison officials "thwarted . . . his access to the administrative remedy program." (Id. at 9.) But, as the R&R explained, the Amended Complaint states that Hansmeier "had access to

2

the 'necessities'" to file for administrative relief. (R&R at 11.) While Hansmeier disagrees with the R&R's findings regarding his administrative issues, he fails to demonstrate any material fact in dispute. The objections regarding Hansmeier's administrative remedies fail.

Additionally, Hansmeier objects to the R&R's finding that the Court should dismiss the Defendants whom he sued in their individual capacities, but he cites no authority for this argument. This objection is without merit. Lastly, Hansmeier does not object to the Magistrate Judge's recommendation to dismiss his Federal Tort Claims Act claims without prejudice.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 65) is **ADOPTED**;

2. Defendants' Motion for Summary Judgment (Docket No. 50) is **GRANTED**;

3. Hansmeier's Amended Complaint (Docket No. 9) is **DISMISSED without prejudice**;

4. Hansmeier's Motion for Preliminary Injunction (Docket No. 60) and Appeal/Objection of Magistrate Judge Decision (Docket No. 74) are **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  Friday, October 14, 2022

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge