RECEIVED BY MAIL
NOV 03 2022
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Paul Hansmeier,
        Plaintiff,

v.

Jeffrey Fikes, et al.,
        Defendants.

21-cv-1979 (PAM/DTS)

Rule 59(e) motion to alter or amend judgment

SCANNED
NOV 03 2022
U.S. DISTRICT COURT MPLS

The Court should vacate its judgment and either enter judgment in Hansmeier's favor or order this case to proceed to discovery.

I. Introduction.

The circumstances giving rise to this case have gained attention from the national legal media, which has expressed its shock that attorneys are being subjected to what the United Nations defines as torture — all for the crime of submitting as applied constitutional challenges to certain federal statutes. The article is attached as an exhibit to this motion. Hansmeier finds himself in the predicament of being imprisoned for bringing copyright enforcement actions in the manner used by the copyright holder in Olan Mills Inc. v. Linn Photo Co., 23 F.3d 1345 (8th Cir. 1993) and then, under its technical definition, "tortured," when he questions the constitutionality of the U.S. Attorney's criminalization of copyright enforcement tactics that the leading copyright treatise describes as "routine" and providing "no defense." 4-13 Nimmer on Copyright § 13.09[B].

Suffice it to say, Hansmeier has found the practice of law to be very different than what was taught at the University of Minnesota Law School. Never in a million years did Hansmeier believe that he would be subjected to a 14-year term of imprisonment for applying established enforcement techniques to a new threat, Internet piracy. Nor would Hansmeier have believed that he would be tortured for bringing a First Amendment claim in federal court or threatened with violence for doing the same. And if the Court believes that the term "torture" is too strong, then Hansmeier would respectfully invite the Court to attempt to survive just 30 days in Sandstone's torture chamber — with the understanding that Hansmeier endured 150 days there.

And, as long as Hansmeier has the Court's ear — however temporarily — he would lobby the Court to lobby its colleague, Judge Ericksen, to reach the merits of the arguments that Hansmeier has been raising for approximately a half decade, but which have yet to receive a ruling. Those arguments are: the allegations against Hansmeier fall outside the scope of the mail-wire fraud statute because there is no allegation that Hansmeier did not intend to follow through with his end of the settlement deals, *United States v. Jain*, 93 F.3d 436. 441-42 (8th Cir. 1996) (reversing mail fraud conviction where defendant followed through with his end of the deal); the allegations against Hansmeier are not mail-wire fraud conspiracy because allegations of fraudulent litigation categorically fall outside the scope of the federal criminal statutes, *I.S. Joseph Co. v. J. Lauritzen A/S*, 751 F.2d 265, 267 (8th Cir. 1984) ("litigation is as American as apple pie.... Resort to a federal criminal statute [based on allegations of fraudulent litigation is unnecessary."); and the First Amendment protects Hansmeier's *Clan Mills*-style petitioning activity. If any one of those arguments wins Judge Ericksen's favor then by operation of law, Hansmeier's conviction is void as beyond the power of the

federal courts to impose and is a legal nullity. Thus, one could say that Hansmeier is not a federal prisoner (at least in the eyes of the law), as much as a participant in an immersive, all expenses paid, post-doctoral program in post conviction relief. The taxpayers have received a handsome return on their investment. By Hansmeier's back-of-the-napkin math, for the approximately $160,000 that taxpayers have paid to maintain Hansmeier's country club -like lifestyle (except for the torture part), Hansmeier has saved the taxpayers roughly $20 million by assisting his fellow adults in custody in reducing their unlawfully long sentences.*

But Hansmeier digresses. Returning to the case at bar, Rule 59(e) relief is warranted because the Court's order adopting the Magistrate Judge's report and recommendation is warranted because it overlooks Hansmeier's primary argument in opposition to the defendants' Motion for Summary judgment: Hansmeier's evidence shows that he exhausted his administrative remedies and there is thus, at a minimum, a genuine issue of material fact preventing the legitimate entry of summary judgment. Moreover, the Court overlooked Hansmeier's motion for sanctions and Rule 56 (d) request. Finally, the Court's order improperly shifts the burden onto Hansmeier to prove the availability of an administrative remedy. When those points are corrected, then entry of judgment in Hansmeier's favor is warranted or at least an order that this case proceed to the discovery phase.

* See, e.g., United States v. Anderson, 3:17-cr-63-RLM-MGG (N.D. Ind. Oct. 11, 2022), at Dkt. 57 (conceding that defendant should be resentenced based on fact that drug predicates used to support ACCA application do not qualify as serious drug offenses).

II. Argument.

Rule 59(e) serves the limited purpose of allowing district courts an opportunity to correct manifest errors of law or fact. Such motions should "be granted where the Court overlooked a factual or legal argument presented by a party...." Stults v. Bush Boake Allen, Inc., No. C11-4077-MWB, 2014 U.S. Dist. LEXIS 23248, 2014 WL 775525, at *2 (N.D. Iowa Feb. 25, 2014).

Here, the Court's order overlooked Hansmeier's evidence showing that he exhausted his administrative remedies and the corresponding factual argument, Hansmeier's Rule 56 (d) request to take additional discovery, and Hansmeier's request for sanctions. Moreover, the Court's order improperly shifted the burden to Hansmeier of showing the availability of an administrative remedy exhaustion requirement. For those reasons the Court should grant this motion.

A. Rule 59(e) relief is warranted because the Court overlooked Hansmeier's factual argument that he did, in fact, exhaust his administrative remedies.

Hansmeier's position on the administrative remedy exhaustion defense is that there is no exhaustion requirement, but to the extent there was then Hansmeier met it — repeatedly. The Court's order addressed the former argument, but overlooked Hansmeier's factual argument that he did, in fact, exhaust his administrative remedies. The evidence Hansmeier submitted in his opposition to the defendants' motion for summary judgment shows that Hansmeier

fully exhausted his administrative remedies. Dkt. 58 at ¶¶92(a)-(h).
Hansmeier's evidence shows the who, what, where, when, why and how
of his exhaustion. Id. Moreover, Hansmeier's evidence shows that
the defendants' evidence omitted the substantial majority of Hansmeier's
administrative remedy requests. Dkt. 58 at ¶ 92(d). At a minimum,
Hansmeier's evidence creates a genuine issue of material fact regarding
the issue of whether Hansmeier exhausted his administrative remedies.

Beyond the evidence submitted in his opposition papers, Hansmeier
submitted further evidence of his exhaustion efforts, providing further detail
about the who, what, where, when, why and how of his exhaustion
efforts. See Rule 56(d) Affidavit at ¶ 5; Supplemental Affidavit of
Paul Hansmeier ¶ 5 — Dkts. 63 and 64, respectively.

To summarize what the evidence shows, Hansmeier submitted BP-8's
through BP-11's on all of his claims numerous times — i.e., numerous rounds of
submissions on each claim — throughout his lengthy torture. When Hansmeier
was denied access to a logistical necessity, such as a form, then Hansmeier
submitted an administrative remedy using the best tools that were available to
him. For example, if defendants denied Hansmeier access to a form, then Hansmeier
would recreate the form on notebook paper and submit that. Defendants did
not reject Hansmeier's remedies that were submitted in this manner; rather, they
just didn't respond to those remedies. As provided for in the Administrative
Remedy Program, Hansmeier "consider[ed]" the absence of a response to
be a denial at that level." 28 C.F.R. § 542.18. Thus, Hansmeier's
position is that he either exhausted his administrative remedies (multiple times)

or the administrative remedy program was unavailable to him. The Court's order overlooked this argument; Rule 59(e) relief is warranted.

      B.  Rule 59(e) relief is warranted because the Court overlooked Hansmeier's Rule 56(d) motion.

Because there was a large gap between what Hansmeier submitted via the administrative remedy program and what defendants represented to the Court that Hansmeier submitted, Hansmeier filed a verified Rule 56(d) motion. Hansmeier's motion requested an opportunity to submit narrowly-tailored discovery specifically focused on probing the reason for the gap. The Court did not consider this request. Rule 59(e) relief is warranted.

      C.  Rule 59(e) relief is warranted because the Court overlooked Hansmeier's motion for sanctions.

In a manner that is consistent with Hansmeier's recent experience with litigating, in addition to being imprisoned and tortured for his association with unpopular (to some) litigation, when Hansmeier accepted the defendants' invitation to re-exhaust his administrative remedies after being released from Sandstone's torture chamber, defendants engaged in illegal, clockwork-like retaliation. The retaliation consisted of bringing a completely fraudulent charge against Hansmeier — which, it should be noted, could have landed Hansmeier back in Sandstone's torture chamber. The charge was so fraudulent that it was immediately thrown out by the hearing officer. The fraudulent nature of the charge is discernable by reference to objective evidence (phone call recordings, video footage, etc.). The Court did not

Consider Hansmeier's objections to the Magistrate Judge's summary denial of this motion. Rule 59(e) relief is warranted.

> D. The Court improperly shifted the burden to Hansmeier to show that administrative remedies were available during Hansmeier's detention in Sandstone's torture facility.

A final point justifying Rule 59(e) relief is an issue of burden shifting. The Court's order faults Hansmeier for failing to cite case law showing that administrative remedies were unavailable while Hansmeier was enduring torture. Yet, it was not Hansmeier's burden to show that administrative remedies were available during this ordeal, rather, it was defendants' burden to show that adults in custody could access administrative remedies during these bleak circumstances. Foulk v. Charrier, 262 F.3d 687, 697-98 (8th Cir. 2001) (defendants' burden includes showing that remedies were available). Defendants offered no torture facility-specific evidence. Their evidence consists of a generic affidavit which describes the administrative remedy program in broad brush strokes but makes no claim that inmates undergoing torture can access administrative remedies.

III. Conclusion.

The Court should grant this motion.

October 27, 2022

Paul Hansmeier
20953-041 Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072