UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul Hansmeier, | Civ. No. 21-1979 (PAM/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Jeffrey Fikes, Officer Dawson, Officer Mortenson, and Michael Carvajal, | |
| Defendants. | |

This matter is before the Court on Plaintiff Paul Hansmeier's Motion to Alter or Amend the Judgment under Rule 59(e). For the following reasons, the Motion is denied.

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." <u>United States v. Metro. St. Louis Sewer Dist.</u>, 440 F.3d 930, 933 (8th Cir. 2006) (quotation omitted). A motion under Rule 59(e) "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." <u>Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills</u>, 141 F.3d 1284, 1286 (8th Cir. 1998). Courts have "broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." <u>Metro. St. Louis Sewer Dist.</u>, 440 F.3d at 933.

Hansmeier disagrees with the Court's previous Order (Docket No. 76) and asks the Court to revisit it. Post-judgment motions are "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary

circumstances." Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993) (Doty, J.). He claims that the Court misinterprets his previous pleadings and the law, but the Court previously considered and rejected the arguments Hansmeier raises.[1] See Sanders v. Clemco Indus., 862 F.2d 161, 170 (8th Cir. 1998). Additionally, Hansmeier's arguments can be raised in an appeal. Chapman v. U.S. Bank, N.A., 324 F. App'x 534, 535 (8th Cir. 2009).

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Plaintiff's Motion to Alter or Amend the Judgment (Docket No. 78) is **DENIED**.

Dated:   November 4, 2022

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge

---

[1] Further, Hansmeier asks the Court to "lobby" another Judge in this District regarding a different lawsuit. As a former attorney, Hansmeier knows that such a request is inappropriate and for the Court to do so would be unethical. This absurd request is unequivocally denied.